[Nos. 21589, 21644.   Department Two.   June 13, 1929.]

CLARA MCMAHAN et al., *Appellants,* v. JOSEPH REGALIA et al., *Respondents.*

CLARA MCMAHAN et al., *Appellants,* v. JOSEPH REGALIA et al., *Respondents.*[1]

*C. E. Remsberg* and *R. J. Boryer,* for appellants.

*Wettrick & Wettrick* and *Robert A. Devers,* for respondents.

MILLARD, J.—The plaintiffs, children of Joseph Regalia and his former wife, seek, by this action against their father and his second wife, cancellation of their father's deed conveying his property to his second wife. A demurrer to the original complaint was sustained. The amended complaint was stricken on motion of defendants. Plaintiffs refused to further plead, electing to stand on their original complaint, whereupon judgment of dismissal was entered, from which plaintiffs appeal.

The substance of the original complaint is as follows: Community property was accumulated by the joint

[1]Reported in 278 Pac. 673.

efforts of respondent father, his former wife and their children. Under the wills of the parents, the surviving spouse inherited the other's interest in the community property. Appellants' father refused the request of his wife, during her last illness, to surrender her will and grant her an opportunity to devise and bequeath her interest to the children. The will was probated, and the property passed to the father to the exclusion of the children. In 1926, about nine weeks subsequent to the death of his first wife, the father, aged seventy-two years, married his present wife, then sixty years of age. The father is physically feeble, and unable to safeguard his interests. He is dominated by his second wife, who influenced him to convey all of his property to her.

It is patent that the court correctly sustained the demurrer to the complaint. Accepting as true every allegation of the complaint, the facts stated are not sufficient to constitute a cause of action. No invasion of the legal rights of the appellants is shown. There is no allegation of mental incompetency. Though the mother may not have been permitted to change her will, the will under which the property was inherited by the father was probated nearly three years ago. The will may not be successfully attacked in this action. Neither do we understand this to be a guardianship proceeding. Each spouse may dispose, by last will, of his or her interest in the community property. Section 1342, Rem. Comp. Stat. The father's ownership was absolute and to the exclusion of all other persons. It follows that the father could make any disposition of the property that any other competent person could make of his or her property.

"The chief incidents of the ownership of property are the rights to its possession, use and enjoyment, and

to sell or otherwise dispose of it according to the will of the owner, . . ." 32 Cyc. 677.

See 1 Blackstone Commentaries, p. 138.

Affirmed.

FRENCH, PARKER, and MAIN, JJ., concur.