[No. 28683. Department One. August 20, 1942.]

*In the Matter of the Estate of* SARAH A. ECKERT, *Deceased.*

RUTH ECKERT HOWARD *et al., Appellants,* v. WALTER O. ECKERT, *as Executor, Respondent.*[1]

[1]Reported in 128 P. (2d) 656.

*Ralph Woods* and *Chas. R. Lewis,* for appellants.

*Alden C. Bayley* and *J. W. Graham,* for respondent.

MILLARD, J.—Adam Eckert, of Mason county, this state, executed his last will and testament November 29, 1924. He died November 28, 1934, leaving surviving him his widow, Sarah A. Eckert, and five children, whose names are as follows: Walter O. Eckert, Fanny M. Eckert Forck, Lottie Eckert Deabill, Ruth Eckert Howard, and Harry B. Eckert.

Adam Eckert made the following disposition of his estate:

"I hereby give, devise and bequeath unto my wife, Sarah A. Eckert, as and for her sole use and benefit, all

my real and personal property of which I am now possessed, or may hereafter acquire, to use, apply, sell and dispose of as her own, in any manner she may see fit, as long as she may live, and after her death, should any of my said estate, or the proceeds thereof, remain in her, then in that event I give, devise and bequeath the same as follows:

"3rd. Upon the death of my said wife above mentioned, it is my will and desire, and I hereby give, devise and bequeath unto my son, Walter O. Eckert, if he be then living, the north eighteen and one-half (18½) acres of Lot 9, Section 8, Township 21, North Range 1, W. W. M., in Mason County, Washington, together with the tidelands adjoining thereto; also grape-juice factory and equipment, machinery, stock, tools, implements and supplies upon said property, or used about the same.

"4th. All the rest, residue and remainder of my property, both real and personal, remaining after the death of my said wife, I give, devise and bequeath equally among my children, Walter O. Eckert, Fanny M. Forck, Lottie Deabill, Ruth Howard and Harry B. Eckert, share and share alike.

"5th. It is my intention by these presents that Walter O. Eckert, in event he be living at the death of my wife, Sarah A. Eckert, should be entitled to the north eighteen and one-half (18½) acres of Lot 9, Section 8, Township 21, North Range 1, W. W. M., in Mason County, Washington, as his sole and separate property, in addition to his proportionate interest in the residue of said estate, and that if he does not survive my said wife, his heirs should only be entitled to his proportionate interest in the entire estate, including the above described property."

May 11, 1934, which was more than six months prior to Adam Eckert's death, Adam Eckert and wife, Sarah A. Eckert, conveyed, for a recited consideration of one dollar and love and affection, to their son Walter O. Eckert the same real property devised by Eckert to his son upon the death of Sarah A. Eckert. In the deed is a recital that the grantors expressly ex-

cept and reserve unto themselves a life estate in the property conveyed to their son. The deed was placed of record with the county auditor for Mason county May 12, 1934.

May 11, 1934, the same date the above-described deed was executed, Adam Eckert and Sarah A. Eckert, his wife, for a recited consideration of one dollar and the love and affection which the parents bore toward their son, transferred by bill of sale to their son Walter O. Eckert their interest in and to all of the personal property which was a part of the equipment of the Eckert Grape Juice Company, and also all farm machinery and stock on the land conveyed May 11, 1934, by Adam Eckert and wife to their son Walter O. Eckert. The bill of sale, which was never placed of record, recites that it was the intention of Adam Eckert and wife to vest in their son the absolute title in and to all of the personal property described in the bill of sale, including all of the good will of the grape juice manufacturing and selling business, known as the Eckert Grape Juice Company.

Walter O. Eckert was the executor of the estate of Adam Eckert, deceased. October 26, 1935, a decree was entered distributing the estate according to the terms of the last will and testament of Adam Eckert.

March 17, 1936, and September 22, 1936, Sarah A. Eckert executed two deeds, both of which were duly recorded, by which she conveyed, for a stated consideration of ten dollars and love and affection, to Walter O. Eckert all of the real property (other than the real property devised by her husband and conveyed by her and her husband, as recited above, to Walter O. Eckert) devised to her by her husband to use, sell, and make disposition of same in any manner she saw fit during her life.

October 4, 1935, at which time she was eighty-one

years old, Sarah A. Eckert executed her last will and testament, in which she named her son Walter O. Eckert as executor, without being required to give bond. She died September 14, 1940, leaving surviving her the following named children, all of whom are the children of the testatrix and her deceased husband, Adam Eckert: Walter O. Eckert, Fanny M. Eckert Forck, Lottie Eckert Deabill, Ruth Eckert Howard, and Harry B. Eckert.

To her children she devised and bequeathed all of the property of which she died seised or possessed. There is no mention of property transferred to Walter O. Eckert prior to her death nor is there a specific description of any property which she may have owned when the will was executed. The provision for disposition of her estate recites that she devised and bequeathed to her children, share and share alike, all of the remainder of the property, after payment of just debts against her estate, subject to an offset against each child's share, other than Walter O. Eckert's share, of the amount of indebtedness of that child to the mother.

Walter O. Eckert, as executor of his deceased mother's estate, filed his first and final account. Over objections of Ruth Eckert Howard and Fanny Eckert Forck, who have appealed therefrom, a decree was entered granting petition of the executor for approval of the final account, report, and distribution of the estate as provided by the testatrix.

Counsel for appellants assign as errors refusal of the trial court to require respondent executor to account for the proceeds and income received by him from date of Adam Eckert's death for Sarah A. Eckert from Connecticut Mutual Life Insurance policy; to account for proceeds from a Canadian National bond; to account for proceeds from sale of a Standard Oil Company

bond; to account for withdrawals from bank account of estate of Adam Eckert, deceased; to account for withdrawal April 14, 1936, of $525.27 from bank account of Sarah A. Eckert; to account for withdrawals from savings and loan association accounts of Sarah A. Eckert prior to her death, which occurred September 14, 1940; to account for a Peninsular Light Company share of stock; to account for satisfaction of a mortgage in the amount of one thousand dollars as executor of estate of Adam Eckert, deceased; to account for satisfaction of a mortgage in the amount of fifteen hundred dollars in the estate of Adam Eckert, deceased; and to account for $622.09 withdrawn for his own use September 17, 1940 (three days after death of Sarah A. Eckert) from a loan association account in the name of "Walter O. Eckert, Trustee, or Augusta [Sarah A. Eckert] Eckert, Trustee."

■ Adam Eckert devised and bequeathed all of his property to his wife "to use, apply, sell and dispose of as her own, in any manner she may see fit as long as she may live." That is, Sarah A. Eckert was vested with unrestricted authority on her part to dispose of any or all of such property. The testator provided that, upon the death of his wife, Sarah A. Eckert, so much of the property described in paragraphs three, four, and five of the will of which the wife had not made disposition during her life, should be the property of his son. In other words, while Sarah A. Eckert was not given such absolute ownership of the property as to enable her to dispose of it by will or other disposition to take effect upon her death, she was vested with unqualified authority to dispose of it, during her life, in any manner she saw fit. That right she exercised by conveying the remaining real property to her son in 1936, and the deeds therefor were immediately placed of record.

Sarah A. Eckert died September 14, 1940. More than four years prior thereto all of the real property belonged to Walter O. Eckert, which fact was of public record. Before Adam Eckert or his wife, Sarah A. Eckert, died, they executed and delivered bill of sale to Walter O. Eckert, along with their deed conveying to him the eighteen and one-half acres of land.

An examination of the inventory of the estate of Sarah A. Eckert, deceased, discloses there was listed an item of three thousand dollars, plus interest thereon, from policy in the amount of four thousand dollars issued on the life of Adam Eckert by the Connecticut Mutual Life Insurance Company. It appears that, after the death of Adam Eckert, an income contract in the amount of three thousand dollars with the Connecticut Mutual Life Insurance Company was accepted by Mrs. Eckert and the remaining one thousand dollars was retained in trust for his mother by Walter O. Eckert, who paid from that fund expenses incurred from time to time by his mother.

The proceeds from a Canadian National bond which Sarah A. Eckert received by inheritance from her husband were expended by her in improvement of the tract of eighteen and one-half acres she and her husband presented to their son Walter O. Eckert.

As to the several amounts of money obtained by Walter O. Eckert from his mother during her life time, there is no showing that the moneys were not obtained with her full knowledge and consent. She did not require an accounting for any of that money nor did she make any provision in her will, as she did respecting her other children, for repayment of money obtained from her.

Her ownership of the property she inherited from her husband, as well as her share of the community property, was absolute. It follows that she

could make any disposition of the property that any other competent person could make of his or her property. The chief incidents of the ownership of property are the rights to its possession, use, and enjoyment, and to sell or otherwise dispose of it according to the will of the owner. See 1 Blackstone's Commentaries, p. 138

"A man owes no legal obligation to his prospective heirs to conserve his wealth by wise management in order that, if he makes no other disposition of his estate, it will ultimately pass to them. He has the privilege of squandering all of his property or of disposing of it in any way he sees fit, either during his lifetime or by transfer effective at his death. His control over his property is as absolute as to his next of kin as it is with respect to the rest of the world." *In re Peterson's Estate,* 12 Wn. (2d) 686, 482, 123 P. (2d) 733.

See, also, *McMahan v. Regalia,* 152 Wash. 543, 278 Pac. 673.

■ Unquestionably, Sarah A. Eckert had the right to turn over funds to her son Walter O. Eckert, without requiring him to account therefor. That she did this is established by her will, which does not provide any offset against his share of her property for any money she gave to him; while, it will be noted, her will contains such provision as to other members of the family who had become indebted to their mother.

Most of the money for which appellants contend executor Walter O. Eckert should account was given to him four to five years prior to the death of Sarah A. Eckert. The title to that money, which it must be admitted is in Walter O. Eckert individually, can not be litigated in this proceeding. If that money were property belonging to decedent, Sarah A. Eckert, and it had been omitted from the inventory of her estate, exceptions to the final account would be a proper method to require a listing of that property in the inventory.

For the most part, the objections made by appellants to the final account have reference to property of which disposition was made by Adam Eckert and Sarah A. Eckert while alive. Appellants did not have a vested interest in the property of Adam Eckert or his wife during the lifetime of those two parents; therefore, appellant children may not now successfully challenge disposition made of that property by their father and mother.

Appellants were properly denied permission to inquire into matters involved in the settlement of the estate of Adam Eckert, deceased. There was no showing of omission from the inventory of the estate of any property belonging to Sarah A. Eckert at the time of her death. Appellants were properly denied permission to inquire into matters which occurred during the lifetime of Adam Eckert or of Sarah A. Eckert.

It is true, as contended by appellants, that the statute (Rem. Rev. Stat., § 1467 [P. C. § 9923]) provides that the naming of a person as executor shall not operate as a discharge from any just claim which the testator had against the party so named. However, there is no showing that the testatrix ever had, or asserted she had, any claim against Walter O. Eckert. There is nothing indicative of an intention on her part to regard as debts the moneys withdrawn by him from her accounts and the moneys she turned over to him and, as stated above, there is no provision in the will respecting any such claims. Assuming, but not deciding, that such matters are within the purview of a hearing based on exceptions to a final account, there was no showing of mental incompetency of the testatrix or fraud on the part of Walter O. Eckert during the period in which the transactions of which appellants complain were had between Walter O. Eckert and his mother.

■ Respecting the withdrawal by Walter O. Eckert of $662.09 three days after his mother's death from an account in Mason County Savings & Loan Association, in his name as trustee and in the name of his mother as trustee, which funds he claims were used to reimburse himself for expenditures made on behalf of his mother, the executor should have accounted therefor in the estate of his mother. That money, of which the executor concedes his mother was the beneficial owner and of which Walter O. Eckert held, with his mother, legal title, became a part of the estate of the beneficial owner upon her death. An executor may not pay a claim due to himself from the estate instead of filing it in the legal way.

■ The assignment that the court erred in refusing to require the executor to account to the estate for any profits derived from the tract of land conveyed to Walter O. Eckert by his mother and father in 1934, is without merit. On the same date that this tract of land was conveyed to Walter O. Eckert, his mother and father transferred to him by a bill of sale all of the personal property used in connection with the business conducted on that property. No interest was retained in the production or the profits of the business, and the reservation in the deed conveying the land to Walter O. Eckert was solely to secure to the grantors the right of maintenance of their home upon that property. There is no evidence, nor was any offer made to prove, that Walter O. Eckert's father or mother ever expected to receive any of the profits from the business or any of the income from the property or ever deemed their son was indebted to them by reason of any profits or income from the property or for money given to him for improvement of the property.

It is unnecessary to discuss all of the assignments of error. There was no fiduciary relation between

Walter O. Eckert and his mother, and she, as she had an absolute right to do, disposed of her property as she desired. She had the right to give to her son any or all of the property which is the subject matter of this controversy.

Executor Walter O. Eckert is not entitled to credit in the amount of $622.09 withdrawn from the savings and loan association three days after his mother's death, for the reason stated above; therefore, his claim in that amount should be disallowed. In all other respects, the decree is affirmed. Appellants will recover costs in this action.

ROBINSON, C. J., MAIN, SIMPSON, and DRIVER, JJ., concur.

[1]Reported in 128 P. (2d) 649.