HENDRY, Judge.
This is an appeal from a summary final judgment and a cost judgment, entered by the court below, in favor of the defendant-appellee.
The appellant-plaintiff filed a complaint against the defendant in which it was alleged that the plaintiff, an attorney, was retained by the defendant and one George Bringhurst, to represent him in connection with a controversy they were having with Australian National Airways. It was further alleged that the defendant and Bring-hurst instructed and authorized the plaintiff to institute suit against the Australian corporation; that pursuant to such authorization and instruction plaintiff instituted suit against the corporation in the Circuit Court for Dade County, Florida; that as a result of the litigation the relief which was sought was obtained; that the reasonable value of the services rendered by the plaintiff on behalf of the defendant is $7,500; that the said George Bringhurst, as agent for the defendant, has agreed to the sum as a reasonable charge for the services rendered, and further agreed for and on behalf of the defendant that the $7,500 would be paid; that although the defendant has promised and agreed to pay the plaintiff his fee the defendant has failed and refused to make such payment although demand therefor has been made upon him. Plaintiff demands judgment against the defendant in the sum of $7,500 plus interest and costs.
The defendant filed his answer denying all the allegations of the complaint. Thereafter both the plaintiff and defendant moved for a summary judgment, relying upon the pleadings, and their depositions and affidavits filed in the cause. The trial judge heard the motion of each of the parties and entered summary final judgment in favor of the defendant, wherein he found that there was no genuine issue as to any material fact and that the defendant was entitled to summary judgment as a matter of law.
The basic question raised in this appeal is whether the defendant met tire burden of establishing the absence of any genuine issue as to any material fact so as to entitle the defendant to a summary judgment as a matter of law.
As we stated in Posey v. Pensacola Tractor & Equipment Co., Fla.App. 1962, 138 So.2d 777:
“It is elemental that the movant at all times carries the burden of clearly and un *107 equivocally establishing the right to summary judgment, and that it cannot be granted if there exists any controverted issue of material fact or if the proofs supporting the motion fail to overcome every theory upon which, under the pleadings, the adversary’s position might be sustained.”
The allegations of the complaint are rather vague and uncertain as to whether the defendant employed the plaintiff personally; through his alleged agent, George Bringhurst; or whether plaintiff was employed by them jointly. The testimony of the plaintiff in his deposition is to the effect that he was instructed by the defendant and Bringhurst to do everything necessary to protect their respective interests; that the defendant and Bringhurst consulted with him, gave him instructions and attended all hearings before the trial court; that by reason of plaintiff’s services both the defendant and Bringhurst were greatly benefited. The plaintiff further testified that the defendant told him his fee would be paid when certain airplanes were sold.
The defendant testified by way of deposition that he did not employ the plaintiff nor did he give him any instructions; that the work that the plaintiff did in connection with the airplanes was done for George Bringhurst and not for him (defendant); that he had never promised the plaintiff that he would be paid. The defendant, in further support of his contention, filed an affidavit of George Bringhurst in which Bringhurst stated that he employed the plaintiff for himself and not for or on behalf of any other person, and that he did not act as agent or representative for any other person in the transaction involving the Australian airplanes.
It is apparent that there is a conflict in the evidence as to who employed the plaintiff and for whom the services were rendered. In fact, the depositions and affidavits filed by and on behalf of the parties show such conflicts on all issues raised by the pleadings, as to preclude the disposition of the cause by summary judgment.
As the court pointed out in Messina v. Baldi, Fla.App.1960, 120 So.2d 819:
“ * * * The purpose of a summary judgment is not to resolve conflicting issues of fact, but for the court to ascertain and determine whether or not genuine issues of material fact exist, and once such facts are shown to exist, the motion should be denied.”
Accordingly the summary final judgment and the judgment for costs entered in favor of the defendant are reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.