171 So.2d 606 (1965)
George MATARESE, Appellant,
v.
LEESBURG ELKS CLUB, Appellee.
No. 4668.
District Court of Appeal of Florida. Second District.
January 15, 1965.
Rehearing Denied February 8, 1965.
Walter Warren, Leesburg, for appellant.
Monroe E. McDonald, of Sanders, McEwan, Schwarz & Mims, Orlando, for appellee.
SMITH, Chief Judge.
A summary judgment was rendered against the plaintiff-appellant in this case which arose out of a slip and fall occurring *607 on defendant-appellee's dance floor. In considering and granting the motion the court had before it only the complaint, which alleged the defendant negligently caused and permitted a slippery liquid to remain on the floor, and a deposition of the plaintiff taken by the defendant. The defendant filed nothing else in support of his motion and the plaintiff filed no opposing papers. We find the defendant failed to sustain the burden of proof necessary to entitlement to a summary judgment and on this point we reverse.
The facts necessary to this appeal can be boiled down to very simple terms. The plaintiff was dancing. He slipped and fell. His deposition revealed he could not of his own knowledge testify as to exactly what caused him to fall, but listed some ten eye witnesses to the accident.
A summary judgment is proper only when it is firmly established that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 1.36, Fla.Rules of Civil Procedure, 30 F.S.A. A moving party, to be entitled to a summary judgment, has the burden of showing that the facts which would warrant judgment in his favor under applicable substantive law are indisputable. 6 Moore's Federal Practice, § 56.13 P. 2093 (2d ed. 1953). Whoever has the burden of proof will lose if he fails to sustain it. Steinberg v. Adams, D.C.S.D. New York, 1950, 90 F. Supp. 604, 608.
Moore in his treatise on Federal Practice, supra, § 56.23 P. 2339, points out that:
"A party moving for a summary judgment has the burden of establishing by a record that is adequate for decision of the legal question presented that there is no triable issue of material fact; and he has the burden even as to issues upon which the opposing party would have the trial burden. And the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. If the moving party fails to shoulder his burden the motion should be denied, even though the opposing party has presented no evidentiary materials * * *." (Emphasis added.)
This does not mean that either Mr. Moore or this court is recommending that opposing parties always sit back and do nothing. The converse is true. We are saying that a movant for a summary judgment who fails to come forward with enough proof to sustain his motion is not entitled to have it granted.
It must be remembered that a motion for a summary judgment puts the movant in the unenviable position of having to prove a negative, the non-existence of an issue. He does not sustain this burden by showing that up until the time of his motion his adversary has not produced sufficient evidence in support of his pleadings to require a trial.[1]
In light of the foregoing principles of law we look now to defendant's proof to see if its burden was sustained. The question in this case then becomes: did the deposition of the plaintiff clearly establish beyond the peradventure of a doubt that there was no issue of fact and that the defendant was entitled to judgment as a matter of law?
Under the facts of this case there might be several issues if the case went to trial. There would be the question of the negligence *608 of the defendant, the contributory negligence of the plaintiff and the question of whether the plaintiff had proved his case sufficiently to warrant jury consideration. Defendant's proof was inadequate to rule out the existence of issues as to any of the above.
Did the deposition of the plaintiff establish that the defendant was in fact not negligent as did the proof of the movant in the case of Lee v. Hinson, Fla.App. 1964, 160 So.2d 166 ? It did not. In Lee v. Hinson the movant brought in the testimony of all the witnesses who could possibly attest to negligence and showed that such testimony would establish the movant was, without genuine issue as to any material fact, not negligent. All the movant's proof in our case shows is that the plaintiff could not of his own knowledge prove the defendant was negligent. This is not enough to negate the issue of the defendant's negligence. In fact the movant's own proof shows there are ten witnesses yet unheard.
Even if the defendant's proof did not negate the issue of its negligence, did it establish beyond a doubt that the plaintiff was contributorily negligent as a matter of law as was the situation in Finklestein v. Brooks Paving Co., Fla.App. 1958, 107 So.2d 205 ? It did not. Again we must look to the deposition which shows only that plaintiff admitted having something to drink before going to defendant's dance hall. This is a far cry from proving contributory negligence as a matter of law without genuine issue as to any material fact entitling the defendant to summary judgment.
Ruling out the adequacy of defendant's proof to quash the issues of negligence or contributory negligence, we look to see if plaintiff's deposition revealed that he could not possibly prove the defendant was negligent. This was the burden carried by the movant in Food Fair, Inc. v. Patty, Fla. 1959, 109 So.2d 5. In the Food Fair case the plaintiff's deposition showed she personally could not testify as to how the stringbean upon which she slipped got on defendant's floor and further she had no witnesses to the accident who could so testify. In our case the defendant's proof lists ten eye witnesses. What their testimony could show is unknown. This is not sufficient proof on the part of the movant that the plaintiff could not possibly prove his case.
A motion for a summary judgment does not create an "I move  now you prove situation." The initial burden of proof is on the movant and absent his sustaining it he is not entitled to a summary judgment regardless of whether the opposing party comes forward with any proof or not. Haley v. Harvey Bldg., Fla.App. 1964, 168 So.2d 330.
In the Advisory Committee's notes on the 1963 amendment to Federal Rule 56(e), the counterpart of our Florida rule, it is said:
"Where the evidentiary matter in support of the motion [for summary judgment] does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."
The proof offered by the defendant fails to show the absence of a genuine issue and that it is entitled to judgment as a matter of law and accordingly we reverse.
ALLEN, J., concurs.
KELLY, CLIFTON M., Associate Judge, dissents.
KELLY, CLIFTON M., Associate Judge, (dissenting).
With all due respect for the learned and considered views of the esteemed members of the District Court of Appeal, I am unable to agree with the majority opinion.
I don't understand the function of the summary judgment rule to be such that a *609 defendant in a personal injury case is required to prove that the plaintiff cannot possibly prove his case or, in other words, negate the same before being entitled to a summary judgment. In my opinion, none of the cases or authorities cited in the majority opinion appear to be sufficient authority for such holding.
I would affirm the decision of the lower court as it is my thought that the plaintiff should have come forward in connection with the defendant's motion for a summary judgment with sufficient proof, if he was in a position to do so, to have demonstrated to the Court that a trial on the issues raised by the pleadings was necessary. I don't see how any weight or credibility or favorable inferences can be given to testimony, the extent and admissibility of which is unknown.
NOTES
[1] Hart Properties, Inc. v. Slack, Fla. 1964, 159 So.2d 236; Settecasi v. Board of Public Instruction of Pinellas County, Fla.App. 1963, 156 So.2d 652; Smith v. Musso, Fla.App. 1963, 151 So.2d 475; Posey v. Pensacola Tractor & Equipment Company, Fla.App. 1962, 138 So.2d 777; Sakowitz v. Marshall, Fla.App. 1962, 146 So.2d 105; Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5.