SWANN, Judge.
Plaintiffs, Mary Dillon Bailey and her husband, Earl Bailey, appeal a summary final judgment entered for the defendant in a negligence action.
The facts generally are that on December 30, 1963, at approximately 11:30 A.M. the plaintiff, Mary Dillon Bailey, was driving her automobile west on Northwest 13th Street in Dade County, Florida. It was a rainy, dark, cloudy morning and the streets were wet and slippery. The defendant, Percy Wilson, was driving his automobile north on Northwest 7th Court. According to Mrs. Bailey’s deposition, she was traveling at a speed of approximately fifteen miles an hour because of the rain and her apprehension of skidding on the slippery pavement. As she approached the intersection of Northwest 13th Street and Northwest 7th Court, she was aware of the stop sign governing her entrance into the intersection. Approximately two car lengths back from the stop sign she attempted to stop her vehicle, but the car went into a skid in a right hand direction and she slid into the intersection. As she went into the slide, she saw the defendant’s vehicle about one hundred feet from her. At this point, she attempted to accelerate in order to get out of the way, but in the middle of the intersection, the front of the defendant’s car collided with the rear fender of the plaintiff’s automobile on the driver’s side. Mrs. Bailey’s deposition sets forth that the defendant “looked like he was doing approximately about forty miles per hour” at the time when she saw him.
The defendant’s account of the accident was to the effect that his speed while driving north on Northwest 7th Court was approximately fifteen to twenty miles an hour. In his answer to interrogatories, defendant indicated that he was approximately one hundred to one hundred fifty feet from the plaintiff’s vehicle when he first observed it. In his deposition, however, he testified that when he first saw the plaintiff’s automobile, he was seventy-five to one hundred feet from the intersection and that the plaintiff’s car was one hundred feet away from the intersection. The defendant estimated Mrs. Bailey’s speed to be thirty miles per hour preceding the collision. The defendant testified that he constantly watched the plaintiff’s vehicle because “it was coming fast, and I knew there was a stop sign at the street; so I was watching to see if the car *494 was going to stop.” The defendant’s statement was that the plaintiff “* * * didn’t appear like she was slowing down at all from the first time I saw her.” He further stated that after he realized the plaintiff’s car was not going to stop, he applied his brakes and was at an almost complete standstill in the middle of the intersection when the collision occurred.
In the collision which followed, Mrs. Bailey suffered personal injuries and damage to the automobile, giving rise to the complaint which she filed agairist the defendant. The principal allegation of negligence was that the defendant was or should have been aware of the plaintiff’s condition of peril in sliding past the stop sign, and as a result of his negligence in not keeping a proper lookout, the defendant’s vehicle struck the plaintiff’s, when in fact there was ample opportunity, by the exercise of reasonable care, to avoid the collision. The defendant’s answer denied liability and set forth the defense of contributory negligence.
Interrogatories and depositions were taken of all parties. At this point in the proceedings, the defendant moved for summary judgment, and pursuant thereto summary final judgment was entered in favor of the defendant on December 30, 1964.
We believe that there was sufficient conflict in the evidence to preclude the entry of a summary final judgment and therefore reverse. The testimony indicates a conflict as to negligence, and contributory negligence about which the minds of reasonable >men might differ. The plaintiff testified that she was traveling at a speed of approximately fifteen miles per hour and that the defendant’s speed was approximately forty miles per hour when she first saw him. The defendant claims that his speed was approximately fifteen to twenty miles per hour and that the plaintiff’s speed was approximately thirty miles per hour.
Justice Thornal, in Weber v. Porco, Fla. 1958, 100 So.2d 146, had this comment to make on the propriety of summary final judgment in a case very similar to the one at bar:

“As indicated above it appears to us that out of the welter of conflicts as to speed, caution exercised, and reasonable inferences that could be drawn from the factual statements of the contesting parties, a jury question was indicated on the matter of proximate cause. While summary judgment proceedings have done much when properly employed to expedite the disposition of litigated causes, we have consistently adhered to the proposition that when the depositions or affidavits submitted in support of a motion for summary judgment suggest a factual conflict or present a situation on which a jury might properly draw varied conclusions from the record presented, then it is not proper to grant a summary judgment. The record here tenders an almost typical intersection collision with varied stories as to speed, caution and ultimate responsibility for the near tragedy.
“We do not lose sight of the fact that Mr. Porco was traveling a so-called through street. This fact alone, however, does not endow him with the privilege of proceeding indiscriminately at an unreasonable speed under the circumstances as the Webers allege nor does it immunize him from all responsibility to exercise reasonable care suggested by the surrounding circumstances. As to whether he could or should have observed the hazardous position of the Webers and whether having done so he could have ultimately avoided the collision by the continued exercise of such care is a further aspect of the matter which appears to us to justify jury consideration. Dunn Bus Service, Inc. v. McKinley, 130 Fla. 778, 178 So. *495 865; Petroleum Carrier Corp. v. Hall, 158 Fla. 549, 29 So.2d 624.”
******
This reasoning has been followed in the cases of Haynes v. Littleford, Fla.App. 1965, 173 So.2d 477 and Buck v. Hardy, Fla.App.1958, 106 So.2d 428.
On defendant s motion for summary judgment, any doubt in the determination must be resolved for the plaintiff and in favor of a trial of the issue. Saunders v. Kaplan, Fla.App.1958, 101 So.2d 181.
The judgment granting the summary judgment is therefore reversed and the cause remanded for further consideration consistent herewith.
Reversed and remanded.