PER CURIAM.
Appellants, who were plaintiffs in the trial court, filed a complaint against ap-pellee, Ryder’s Motel Incorporated, for damages sustained as result of a fall suffered by plaintiff, Jessie C. Dutton, while an invitee in the restaurant operated by the defendant appellee. The original complaint was dismissed without prejudice to amend. The amended complaint was filed and contained an allegation as to the negligent construction and maintenance of the stairway upon which plaintiff fell. The stairway apparently was one without vertical risers, was carpeted and was circular in nature. Plaintiff had frequented the motel at other times and was familiar with the premises. Defendant answered, took the plaintiff’s deposition, and filed a motion for summary judgment, which motion was granted. Subsequently, plaintiff filed a motion for rehearing which the trial court denied on the ground that it would be improper to consider a motion for rehearing in an action at law after entry of final summary judgment.
This appeal followed and appellants have assigned as error the granting of the motion to dismiss the original complaint for failure to state a cause of action, the granting of the final summary judgment, and the denial of plaintiffs’ motion for rehearing. We shall consider the granting of the final summary judgment first.
The Supreme Court said in Holl v. Talcott, Fla.1966, 191 So.2d 40:
“ * * * summary judgment procedures should be applied with special caution in negligence actions. * * * 191 So.2d at 46.
“ * * * the burden of proving the absence of a genuine issue of material fact is upon the moving party. Until . it is determined that the movant has successfully met this burden, the opposing party is under no obligation to show that issues do remain to be tried. [Citations omitted.]
“This means that before it becomes necessary to determine the legal sufficiency of the affidavits or other evidence submitted by the party moved against, it must first be determined that the movant has successfully met his burden of proving a negative, i. e., the non-existence of a genuine issue of material fact. [Citations omitted.] He must prove this negative conclusively. The proof must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party. [Citations omitted.]” 191 So.2d 43.
It therefore follows that extreme caution must be exercised in the granting of summary judgments. Particularly is this true in cases of negligence actions.
In the instant case the plaintiff was unable to testify as to exactly what caused the accident. In addition, there were other witnesses to the accident which have not at this stage in the proceedings been heard. We therefore believe this case to be governed by the principles laid down in Matarese v. Leesburg Elks Club, Fla.App. 1965, 171 So.2d 606. Here the court said:
“All the movant’s proof * * * shows is that the plaintiff could not of his own knowledge prove the defendant was negligent. This is not enough to negate the issue of the defendant’s negligence.” 171 So.2d at 608.
For these reasons we believe the motion for summary judgment was insufficient to establish the non-existence of any genuine issue of material fact and the trial court is therefore reversed.
In view of this opinion, it becomes unnecessary to discuss the other questions raised by appellants.
LILES, C. J., and SHANNON and PIERCE, JJ., concur.