PIERCE, Judge.
This is an appeal from a summary final judgment in favor of Ruth Chappel Waters, defendant in the Court below, in a suit for damages brought by Eugene A. Todd and Ollie B. Todd, his wife, arising out of a collision between their respective automobiles at the intersection of 36th Street and Comanche Avenue in Tampa.
The pleadings followed substantially the usual form. The basic facts, developed by depositions and interrogatories of the parties, were that the accident happened at an intersection of a through street and a crossing street, wherein plaintiff Ollie B. Todd was in process of crossing the through street when her car was struck violently on the left hand or driver’s side by the vehicle being operated by Ruth Chappel Waters, who was driving along the through highway, approaching from Todd’s left.
Upon said depositions and interrogatories, together with the pleadings, defendant Waters moved for a shmmary judgment on the ground that there existed no genuine issue as to any material fact, which motion was granted by the trial Court. From the summary judgment so entered, plaintiffs appeal to this Court and contend here that the lower Court should have permitted the case to go to a jury. We agree and reverse entry of summary judgment.
The factors warranting the trial Court to in effect withdraw a case from consideration by a jury and enter a summary judgment have been many times enunciated by the appellate Courts. Undoubtedly the leading case now upon the point is that of Holl v. Talcott, Fla.1966, 191 So.2d 40. The opinion in that case, written by Justice O’Connell, approved the rule laid down by this 2nd District Court in *767 Matarese v. Leesburg Elks Club, Fla.App. 1965, 171 So.2d 606, and we quote from the pertinent portion of the opinion in Holl:
“As this court and other appellate courts have repeatedly held, the burden of proving the absence of a genuine issue of material fact is upon the moving party. Until it is determined that the movant has successfully met this burden, the opposing party is under no obligation to •show that issues do remain to be tried. Humphrys v. Jarrell, supra, [Fla.App., 104 So.2d 404]; Matarese v. Leesburg Elks Club, supra; and Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780.
“This means that before it becomes ■necessary to determine the legal sufficiency of the affidavits or other evidence submitted by the party moved against, it must first be determined that the movant has successfully met his burden of proving a negative, i. e., the non-existence of a genuine issue of material fact. Mata-rese v. Leesburg Elks Club, supra. He must prove this negative conclusively. The proof must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party. Harvey Building, Inc. v. Haley, supra.
“The proper rule on this subject was well applied in the Matarese case. There the District Court of Appeal, Second District, reversed a summary final judgment entered against a plaintiff, not because it found the movant-defendant’s affidavits were successfully met by the opposing party-plaintiff, but because the movant’s affidavits and other evidence did not establish the absence of genuine triable issues of material fact.
“The rule simply is that the burden to prove the non-existence of genuine triable issues is on the moving party, and the burden of proving the existence of such issues is not shifted to the opposing party until the movant has successfully met his burden.”
Applying the above holding in HoU it is our view that the defendant below did not meet the burden so imposed in that case. Defendant Waters, by the depositions and interrogatories relied upon, did not prove the non-existence of a genuine triable issue requisite to invoke a summary judgment.
Counsel for defendant Waters took the discovery deposition of plaintiff Todd, who testified that she was driving East on Comanche Avenue approaching the intersection of Comanche and 36th Street, which was a through street; that as she approached 36th Street she saw a yield sign located on the corner of the intersection, facing East bound traffic on Comanche; that she was “driving slow” between fifteen and twenty miles an hour; that as she approached 36th Street she came to a complete stop, then looked both ways, first right (south) then left (north); that she could see to her left about three blocks; that not seeing anything approaching she started across 36th Street; stated that “I got over half way that line. I got over half way. The line divided it in two parts. I was over that line”, meaning “the middle line of 36th Street”, * * * “I know that I was over that line, and when I saw this car coming — it was at a terrific speed and I — it was about three car lengths, * * * I imagine I must have gotten excited, you know,' because it was coming so fast”; that she did not know whether she had come to a complete stop before the collision, “because, you see, when I was struck —I don’t think so because when I was struck the steering wheel crushed me”; that she did put her foot on the brakes before the collision “the brakes was — my foot was still on the brakes, but see, by her coming at such a terrific speed she took my car right' on with her car. She hitched my car onto hers and carried me on with her, and the only thing that released us was that telegram post. That’s what released my car from hers because she was carrying me on towards Hills-borough.”
*768 Her answers to interrogatories propounded were to the same effect.
In Weber v. Porco, Fla.1958, 100 So.2d 146, the Supreme Court had for consideration a case very similar to the instant case, involving entry of summary judgment in an automobile collision case at an intersection of a through street with a cross street. Justice Thornal, in reversing the entry of summary judgment for the driver on the through street, held as follows :
“As indicated above it appears to us that out of the welter of conflicts as to speed, caution exercised, and reasonable inferences that could be drawn from the factual statements of the contesting parties, a jury question was indicated on the matter of proximate cause. While summary judgment proceedings have done much when properly employed to expedite the disposition of litigated causes, we have consistently adhered to the proposition that when the depositions or affidavits submitted in support of a motion for summary judgment suggest a factual conflict or present a situation on which a jury might properly draw varied conclusions from the record presented, then it is not proper to grant a summary judgment. The record here tenders an almost typical intersection collision with varied stories as to speed, caution and ultimate responsibility for the near tragedy.
"We do not lose sight of the fact that Mr. Porco was traveling a so-called through street. This fact alone, however, does not endow him with the privilege of proceeding indiscriminately at an unreasonable speed under the circumstances as the Webers allege nor does it immunize him from all responsibility to exercise, reasonable care suggested by the surrounding circumstances. As to whether he could or should have observed the hazardous position of the Webers and whether having done so he could have ultimately avoided the collision by the continued exercise of such care is a further aspect of the matter which appears to us to justify jury consideration. Dunn Bus Service, Inc. v. McKinley, 130 Fla. 778, 178 So. 865; Petroleum Carrier Corp. v. Hall, 158 Fla. 549, 29 So.2d 624.”
In Bailey v. Wilson, Fla.App.1965, 180 So.2d 492, the 3rd District Court reversed an order entering summary judgment in a similar intersectional collision, where the plaintiff was driving slowly under dark, rainy, conditions, toward a stop sign before entering a through street. She was aware of the stop sign and about two car lengths back from the sign she attempted to stop her car but it went into a skid in a right hand direction and she “slid into the intersection”. As she went into the slide, she saw defendant’s car bearing down upon her about a hundred feet away, whereupon she attempted to accelerate in order to evade the other car, but in the middle of the intersection the front of defendant’s car struck the rear fender of plaintiff’s car on the left side. Plaintiff Bailey deposed that the defendant “looked like he was doing approximately about forty miles per hour”, when she first saw him. Citing the Weber case, supra, and also the subsequent cases of Buck v. Hardy, Fla.App. 1958, 106 So.2d 428, and Haynes v. Littleford, Fla.App.1965, 173 So.2d 477, the opinion in Bailey summarizes its disposition as follows:
“We believe that there was sufficient conflict in the evidence to preclude the entry of a summary final judgment and therefore reverse. The testimony indicates a conflict as to negligence and contributory negligence about which the minds of reasonable men might differ. The plaintiff testified that she was traveling at a speed of approximately fifteen miles per hour and that the defendant’s speed was approximately forty miles per hour when she first saw him. The defendant claims that his speed was approximately fifteen to twenty miles per hour and that the plaintiff’s speed was approximately thirty miles per hour.”
*769 In Via v. Tillinghast, Fla.App.1963, 153 So.2d 59, involving a similar in-tersectional accident and where summary-judgment had been entered in favor of the driver on a through street, the 3rd District Court in reversing, held :
“Although a driver on a through street is entitled to assume that a driver approaching an intersection from a stop street will comply with the requirement to permit traffic to clear before proceeding and will cross only in a manner so as not to interfere with approaching traffic, that does not relieve the driver on the through street from having to yield to a driver who already has preempted the intersection, even though the latter may have done so wrongfully and negligently. Weber v. Porco, Fla.1958, 100 So.2d 146, 148; Mele v. Summers, Fla.App.1959, 113 So.2d 254, 256.”
Judge Carroll in Via appended a pertinent footnote as follows:
“During the period of almost a decade in which summary judgments have been provided for under the 1954 Florida Rules of Civil Procedpre, it has become established beyond the need for citation of the numerous cases so holding that on hearing on motion for summary judgment the moving party has the burden of showing absence of a genuine issue of material fact; that any doubt as to the existence of such issue is to be resolved in favor of the party moved against; that the function of the court it to determine whether there is a genuine issue of any material fact and not to determine or try such issues; and that the party moved against is entitled to the benefit of all inferences of fact from the proofs offered which reasonably may be drawn in his favor.”
Accordingly, the summary judgment appealed from is — Reversed.
SHANNON, Acting C. J., and HOB-SON, J., concur.