JOHNSON, Judge.
This is an appeal from a final judgment entered for the defendant in an automobile intersection accident case, based upon a directed verdict granted at the end of all the testimony.
From the evidence it appears that the deceased husband of the appellant, accompanied by a young man, were in process of crossing a four-laned highway at an established crossing, when the deceased’s car was struck on the left rear fender at or about the North edge of the East bound traffic lanes. That the impact threw deceased’s car into the West bound traffic lane and into an oncoming West bound bus. There seems to be some conflict in the evidence as to whether the deceased was negligent in attempting to cross, whether he stopped or not, and also, whether the appellee defendant below, was negligent in not stopping her car or otherwise avoiding the collision. From these facts, including the condition of the road and distances of skid marks testified to, it appears to us that there was sufficient conflict in the evidence upon which reasonable men could disagree.
Reasonable inferences could be drawn from the factual statements and platted evidence submitted by the respective parties to such an extent as to raise jury questions. We feel, therefore, and so hold, that the trial court was in error in taking the case from the jury and directing a verdict for the defendant.[1] The question of applicability of the doctrine of last clear chance alone, in this case would be sufficient to send this case to the jury.
The judgment appealed from is reversed, the verdict set aside and a new trial granted the plaintiff.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.

. Bailey v. Wilson, 180 So.2d 492 (Fla.App.3d, 1966); Weber v. Porco, 100 So.2d 146 (Fla.1968).