PIERCE, Acting Chief Judge.
This is an appeal from a Final Summary Judgment rendered in favor of plaintiff-appellee.
The plaintiff, Hollywood Bank and Trust Company, filed suit to foreclose a mortgage on a section of land in DeSoto County, owned by the defendant, Volusia County Construction Co., Inc. Also joined in the suit were R. J. Mears and C. E. Loy, individually and doing business as a partnership under the firm name of M. B. Construction Company; (Mears and Loy were also the sole stockholders in Volusia Construction) and Peerless Insurance Company, which held a second mortgage on the property in the principal sum of $100,000.
The complaint alleged that there was due and owing from Volusia County Construction Co., Inc., the principal, sum of $50,000 and from M. B. Construction Company, a partnership, the principal sum of $50,000. The complaint further averred that a mortgage to Hollywood Bank showed on its face that it secured the corporate note, *357 but in actuality also secured the partnership note, which agreement was later allegedly confirmed by a “modification agreement” duly recorded.
Shortly after recordation of the modification agreement, Peerless loaned the corporation, Volusia Construction, $100,000 and took as security a second mortgage on the DeSoto County property.
Mears and Loy did business as both M. B. Construction (a partnership) and Volusia County Construction (a corporation). Mears and Loy borrowed $100,000 from Hollywood Bank to complete a sewer contract between M. B. and the City of Dania. The Bank required two $50,000 promissory notes and that the “retainer” held by the city and the DeSoto County property be pledged as collateral. The Bank contended successfully in the lower court that the property was liable for both notes or the full $100,000. Peerless contended that the property was liable for only $50,000 on the dual grounds that the mortgage recited only $50,000 and that M. B. Construction was a stranger to the transaction, having no interest in the real property of Volusia Construction.
The lower court found for Peerless on its cross-claim against Loy and Mears, but gave summary judgment to Hollywood Bank in the amount of $100,000, plus interest and attorney fees.
Hollywood Bank was highest bidder at the subsequent public sale. Peerless filed objections which were overruled, and this appeal ensued.
The sole point raised on appeal by Peerless is whether the court erred in granting the Bank’s motion for summary judgment. The' question must be answered in the affirmative.
Florida Rules of Civil Procedure 1.510 (c), 31 F.S.A., concerning summary judgment reads, in pertinent part, as follows:
“ * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to -interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * ”
Presumably the trial Court found that the recording of the so-called “modification agreement” on September 12, 1966, one day prior to execution of the $100,000 second mortgage to Peerless on September 13, 1966, constituted constructive notice of the $50,000 unrecorded note to Hollywood Bank. Even were we to accept such non-verbalized finding of sufficient “notice” as correct, there are still several questions raised by the pleadings and depositions, which remain unresolved.
It is questioned whether the so-called “modification agreement” was sufficient notice of a $50,000 promissory note which was unrecorded and unrecordable because of failure to pay the intangible tax as required by Florida Statutes § 199.141(3), F.S.A.
The depositions of defendants Mears and Loy bring up further interesting points. Both men testified that they executed promissory notes in an aggregate amount of $125,000 in favor of Peerless, but never received a cent into the coffers of either M. B. or Volusia Construction as consideration for the execution of such notes. The depositions raise a question as to the disposition of the “retainage” held by the City of Dania, and the testimony on this point is conflicting.
Mears stated that he had signed a consent for the “retainage” in excess of $100,-000 to be paid to Hollywood Bank and that the City of Dania had “assigned” the retainage to the Bank (R. pp. 91-93). Loy contended that it was his understanding that the “retainage” had been collected by a Mr. Boyd, an agent for Peerless (R. p. 109).
Although the dealings of the parties had been somewhat less than frank and open, *358 it seems that the mortgage in favor of Peerless was not entirely devoid of consideration. Peerless was surety on M. B.’s performance bond and apparently supplied funds for completion after M. B.’s default on the Dania project. However, nothing in the record reveals the amount of money supplied by Peerless, whether more or less than $100,000. Nor is the question of the “retainage”, as to who got what and how much, resolved.
In cases too numerous to mention, it has been stated that the burden is on the movant for summary judgment to show the nonexistence of material issues. See Todd v. Waters, 201 So.2d 765 (Fla.App. 1967) and cases cited there. Hollywood Bank has failed to meet its burden.
It is unlikely that anything less than a full hearing on the merits will resolve the issues presented by the instant case. Therefore, the judgment appealed is reversed and remanded for proceedings consistent with the views expressed herein.
Reversed and remanded.
HOBSON and MANN, JJ., concur.