CROSS, Judge.
The appellant-defendant, Ethel L. Fischer, appeals a summary final judgment entered in favor of the appellee-plaintiff, Bernard’s Surf, a partnership in a replevin action. We reverse.
The genesis of this action arose upon the filing of a complaint by the plaintiffs, Bernard’s Surf, a partnership composed of Sidney Fischer, Edward Fischer and Louis Fischer, against the defendant, Ethel L. Fischer, seeking possession of an automobile.
The defendant, Ethel L. Fischer, by answer to the complaint denied that the plaintiffs were lawfully entitled to possession of the automobile. The plaintiffs moved for summary judgment. Said motion was supported by an affidavit and a Florida Motor Vehicle Certificate of Title showing legal title to the automobile to be in the plaintiff-partnership.
In opposition to the plaintiffs’ motion for a summary judgment, the defendant filed an affidavit, which in essence asserted that the automobile in question was purchased by the said partnership, but that the right of possession and complete control thereof was turned over and vested in defendant’s decedent prior to his death and that it was used by the decedent and the defendant for personal as well as business purposes, and that prior to the death of the decedent, the decedent made a bona fide gift of the automobile to the defendant, his wife, and that subsequent to decedent’s death, the plaintiffs confirmed the gift of the automobile to the defendant and actually made installment payments thereon in her behalf. The defendant asserted that by reason thereof she has the right to possession of said automobile and the equitable title and use thereof as against the plaintiffs.
The trial court granted plaintiffs’ motion for summary final judgment and ordered the defendant to deliver possession of the automobile to the plaintiffs. Hence this appeal.
In considering a motion for a summary judgment, the trial court is limited to whether there exists a genuine issue of a material fact. Sakowitz v. Marshall, Fla.App.1962, 146 So.2d 105. In passing upon a motion for summary judgment, the trial judge may not permit his decision to be influenced by the chance of success which he considers either party may have on the trial. Nor is the trial court privileged to consider either the weight of the conflicting evidence or the credibility of the witness in determining whether there exists a genuine issue of a material fact. This prerogative lies solely within the province of the trier of fact. When the trial judge strays from the narrow limits of his authority to determine only whether there exists any genuine issue of material fact, he defeats the purpose of the rule and deprives the non-moving party of a valuable right to present evidence to the trier of fact for a determination of the issues.
On a hearing on a motion for summary judgment, if the evidence and all reasonable inferences deductible therefrom, when considered in the light most favorable to the non-moving party, creates a genuine issue of a material fact, the motion must be denied and the case set for trial in the traditional manner. Lab v. Hall, Fla.App.1967, 200 So.2d 556; Central Investments, Inc. v. Old Southern Golf Utility Corporation, Fla.App.1967, 197 So.2d 17; Leaks v. Adeimy, Fla.App. 1967, 195 So.2d 47.
The right to possession is the dominant issue in an action of replevin. Van Hoose v. Robbins, Fla.App.1964, 165 So.2d 209. In the instant case, the defendant’s answer denied that plaintiffs *578 were lawfully entitled to possession of the automobile. This denial of plaintiffs’ right to possession by defendant put in issue every fact upon which the plaintiffs sought to replevy the car. Fink v. Powsner, Fla.App. 1958, 108 So.2d 324.
Supporting plaintiffs’ motion for summary judgment was an affidavit and a Motor Vehicle Certificate of Title showing the registered owner of the vehicle to be Bernard’s Surf. By showing of legal title the plaintiffs established a prima facie presumption of ownership. However, such a presumption may be overcome by competent evidence. Nash Miami Motors v. Bandel, Fla.1950, 47 So.2d 701. While it is possible to separate ownership of a motor vehicle from the right to possession, in most instances it is fundamental that one of the chief ingredients of “ownership” in property is the right to its possession. In re Eckert’s Estate, 1942, 14 Wash.2d 497, 128 P.2d 656. Plaintiffs having asserted a right to possession of the automobile by having established a prima facie presumption of ownership, it became incumbent upon the defendant to submit proofs countering those of the movant.
The defendant, in opposition to the plaintiffs’ motion for summary judgment, filed the affidavit above alluded to, which in essence asserted to show her right to possession on the basis of equitable title. The defendant’s affidavit was sufficient to establish a genuine issue of fact, namely, the right to possession, and it was error for the court to have entered the summary judgment for the plaintiffs.
Accordingly, the summary final judgment is reversed and the cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
WALDEN, C. J., and OWEN, J., concur.