193 So.2d 601 (1966)
Joseph VISINGARDI, Petitioner,
v.
Antonio TIRONE and St. Francis Hospital, Inc., a Florida Non-Profit Corporation, Respondents (Two Cases).
Nos. 34820, 34820-A.
Supreme Court of Florida.
November 23, 1966.
Rehearing Denied February 3, 1967.
*602 Nichols, Gaither, Beckham, Colson, Spence & Hicks and Robert Orseck, Miami, for petitioner.
Carey, Dwyer, Austin, Cole & Stephens and Edward A. Perse, Miami, for Antonio Tirone.
Taylor, Brion, Buker, Hames & Greene, Miami, for St. Francis Hospital, Inc.
O'CONNELL, Justice.
The petitioner instituted this wrongful death action, alleging that the negligence of the defendants resulted in the death of his wife. The deceased, aged twenty-six and the mother of three children, was admitted to the respondent hospital on August 13, 1961 for surgery, including a D & C and conization of cervix, uterine suspension, presacral neurectomy, and appendectomy. The surgery was performed by respondent Tirone on the morning of August 16, 1961. On the early evening of that day, the patient began to suffer severe post-operative headaches and to froth at the mouth and lapsed into a state of unconsciousness. She died the following morning. The autopsy report indicated the cause of death as "cerebral edema and congestion with degenerative changes of the cerebral cortex and basal ganglia, etiology undetermined."
The defendants were Dr. Tirone, the surgeon, and the hospital. Paraphrased, the negligence alleged against Dr. Tirone was: Negligent performance of the operations; negligent post-operative care of the patient; negligent failure to obtain the patient's consent to the operative procedures; negligent diagnosis of a post-operative shock condition; negligent failure to arrange for specialists to examine and treat the patient after his own care and treatment of her had proved ineffectual; negligent supervision of the operation, administration of anesthesia, and medications relative thereto; and negligent failure to render prompt care and treatment to the deceased after becoming aware of the emergency state of her condition.
The negligence alleged against the hospital was in failing to control and administer its staff, with the result that certain hospital personnel failed to communicate pertinent information to the doctors responsible for the treatment of the deceased and in failing to supervise the staff so that medications ordered by the doctors were given to the patient.
*603 After extensive discovery procedures, both defendants moved for summary judgment and filed affidavits in support thereof. In general, these affidavits merely asserted that all that the defendants did was in accordance with accepted standards of the community. In opposition to the motions for summary judgment, plaintiff filed a lengthy affidavit by one Dr. Graubard, a New York medical expert. On the basis of his examination of the hospital records and of the affidavits and depositions in the record, Dr. Graubard listed some fourteen acts of negligence on the part of Dr. Tirone and five on the part of the employees of the hospital. The affidavit concluded as follows:
"10. Based on a reasonable degree of medical certainty the foregoing acts of * * * Antonio Tirone and St. Francis Hospital, its agents, servants and/or its employees, * * * acting together proximately precipitated, caused, activated, aggravated and/or accelerated the injuries to the person of DOROTHY VISINGARDI for which she claims damages herein."
The defendants moved to strike Dr. Graubard's affidavit on the grounds (1) that it failed to set forth sufficient facts that would be admissible at trial, and (2) that it failed to disclose that the doctor was familiar with the local standards of the community. The trial court granted the motion to strike, though without identifying the ground for its action, and then entered summary final judgments in favor of both defendants.
On appeal, plaintiff argued generally that the trial court erred in that (1) the affidavit of Dr. Graubard affirmatively demonstrated negligence on the part of the doctor and the hospital; (2) there was a material issue as to informed consent; and (3) it failed to apply the doctrine of res ipsa loquitur.
In its decision, reported at 178 So.2d 135, the District Court of Appeal, Third District, affirmed, rejecting all three arguments. As to the first, it held that Dr. Graubard's affidavit was properly stricken as failing to contain sufficient allegations that would have been admissible at the time of trial. The court specifically rejected the alternative ground offered by defendants for striking the affidavit  that it failed to disclose that the doctor was familiar with local standards in the community. Finally, as to his third argument, it held that the doctrine of res ipsa loquitur was not applicable in malpractice actions against doctors and, in any event, that its essential prerequisites were not present as to either defendant.
We find sufficient conflict to justify our taking jurisdiction in the fact that in affirming the striking of Dr. Graubard's affidavit, the district court expressly relied upon its own decision in Holl v. Talcott, Fla.App. 1965, 171 So.2d 412, which we subsequently quashed; Fla., 191 So.2d 40, filed June 1, 1966. In the latter opinion, we expressly held that the affidavit in that case should not have been stricken.
The basic error in both the Holl case, supra, and the instant case consisted of the failure of the lower courts to distinguish adequately between the plaintiff's burden at the trial and that which he bore as the party opposing a motion for summary judgment. In both cases, the lower courts appeared to proceed as though the movant's burden in the latter circumstance were something less than to show conclusively that no material issues remained for trial. The result, of course, was to place upon the opposing party a heavier burden of showing such triable issues than the rule either requires or allows to be placed upon him.
In both cases, this attitude was implicit in the striking of the affidavits submitted in opposition to the motion for summary judgment. However, whereas in Holl it also seemed patent in the language of the district court's opinion, it only appears in rather subtle form in the opinion under review. Thus, the court below took exception to language employed by the second district court *604 in Matarese v. Leesburg Elks Club, Fla. App. 1965, 171 So.2d 606, applying the phrase "burden of proof" in the summary judgment context, and suggested that the Matarese court must have meant "burden on the motion." The clear implication of this passage is that the defendant-movant's burden on motion for summary judgment is something less than that of the plaintiff at the trial.
Although the Matarese court did use the phrase in question in a very different context than that from which it was borrowed (See Steinberg v. Adams, D.C.S.D. New York 1950, 90 F. Supp. 604, 608), the error, if any, was in the opposite direction from that indicated by the court below. In other words, the burden of a party moving for summary judgment is greater, not less, than that of the plaintiff at the trial. The plaintiff may prevail on the basis of a mere preponderance of the evidence. However, the party moving for summary judgment must show conclusively that no material issues remain for trial. Harvey Bldg., Inc. v. Haley, Fla. 1965, 175 So.2d 780.
As we have said, the same erroneous view concerning the burden of the party opposing a motion for summary judgment also seemed to infect the district court's affirmance of the striking of Dr. Graubard's affidavit herein. Said the court, at p. 136 of 178 So.2d:
"We approve the striking of the affidavit upon the principle that it failed to contain sufficient allegations that would have been entitled to be admitted into evidence at the time of trial. * * * It appears that the affidavit of this doctor amounts to no more than a conclusion or speculation similar to the one discussed in the recent case of Holl v. Talcott, Fla.App. 1965, 171 So.2d 412, involving the same doctor. * * * It is understandable why the doctrine of res ipsa loquitur was relied upon heavily by the appellant, because under this principle it would not be necessary to show the causal connection necessary to hold the doctor liable."
This passage leaves little doubt that the specific defect which rendered Dr. Graubard's affidavit insufficient in the district court's view was its failure to establish causal relation between the injury and the negligence alleged. We hold, to the contrary, that to strike an affidavit filed in opposition to a motion for summary judgment pursuant to such reasoning as this is to place a burden on the opposing party that is not justified by the summary judgment rule.
Rule 1.36, F.R.C.P., 30 F.S.A., requires, inter alia, that affidavits filed either in support of or in opposition to a motion for summary judgment "shall set forth such facts as would be admissible in evidence * * *." It does not require the opposing party  usually the plaintiff, in negligence actions  to make out his whole case before his affidavit is admissible. In the instant case, Dr. Graubard's affidavit set out a number of acts of negligence allegedly chargeable to these defendants. Insofar as the facts set out in the affidavit were not inadmissible as falling outside the bounds of the allegations contained in the complaint, Hart Properties, Inc. v. Slack, Fla. 1963, 159 So.2d 236, or on ground of being privileged, hearsay, or the like, they certainly constituted "such facts as would be admissible in evidence." Moreover, to the extent that the facts so alleged revealed material issues remaining for trial, the doctor's affidavit should have been sufficient to preclude summary judgment.
At the trial, to be sure, the plaintiff herein would have the burden of proving, not only the acts of negligence, but their causal relationship with the injury alleged. However, unless the record that is considered on motion for summary judgment otherwise shows an absence of such causal relationship, the plaintiff, who is opposing the motion, is under no obligation to put in evidence showing such causal relationship. *605 In other words, causal relationship, as any other material issue, should be considered a triable issue that will preclude summary judgment until it is conclusively shown, by affidavit or other permissible evidence, that no causal relationship exists and trial of it is no longer required. Of course, if the negligent acts alleged are shown to be so obviously unrelated to the injury that the court can so hold as a matter of law, there could obviously be no recovery, and summary judgment in favor of the defendant would be proper.
The same reasoning would seem to apply to the question of whether there is a community standard concerning informed consent. Assuming, though not deciding, that the notion of community standard is properly employed in this context, it would seem to be merely another of the issues upon which plaintiff would have the burden of proof at the time of the trial. This being so, it should be treated as a material triable issue unless there is evidence in the record showing that even if the doctor actually said what plaintiff claims, it constituted adequate warning of the risks involved according to prevailing community standards.
This confusion of the plaintiff's burden at trial with his burden as the party opposing a motion for summary judgment is revealed very clearly in the Brief on the Merits of respondent Tirone. Thus, he states the following as the applicable law of summary judgment:
"On defendant's motion for summary judgment the plaintiff must come forward with sufficient, substantial, competent, evidentiary support for each and every fact which he must establish in order to prevail. If it appears that he has not, and that a directed verdict would be justified were the case at trial, the trial court must grant summary judgment in favor of the defendant."
And again, on p. 10 of his Brief, respondent relates,
"In an attempt to meet his burden to show by expert testimony that defendant had departed from the requisite standard of care, and that this departure proximately caused the edema or Mrs. Visingardi's death therefrom, plaintiff filed the affidavit in question."
Both passages correctly state the burden of the plaintiff at trial; both are inaccurate as to his burden as the party opposing a motion for summary judgment.
In his Brief on the Merits, respondent Tirone also cites the authority of cases from New Jersey, Missouri, and Oklahoma in support of his position that plaintiff's affidavit should be stricken as failing to show causal relationship between the negligence alleged and the injury suffered. Parker v. Goldstein, 1963, 78 N.J. Super. 472, 189 A.2d 441; Dwyer v. Ford Motor Co., 1962, 36 N.J. 487, 178 A.2d 161; Dorsey v. Muilenburg, Mo. 1961, 345 S.W.2d 134; Schaefer v. Rechter, Mo. 1956, 290 S.W.2d 118; Downs v. Longfellow Corp., Okl. 1960, 351 P.2d 999. However, inspection of the cited opinions shows that none is apposite here. In every instance, the decision relates to the failure of the plaintiff to sustain his burden at trial, not in opposition to a motion for summary judgment. Moreover, respondent's citation to Wigmore is also lacking in relevance for the matter under consideration.
We must acknowledge that there is some support for respondent's position in our opinion in Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5, also cited by him. However, that case is clearly distinguishable, in that it actually approved the grant of summary judgment for the defendant because the record affirmatively showed that the plaintiff could not possibly prove her case, and not because she had simply failed to come forward with evidence doing so. In any event, to the extent that our opinion therein can be read as supporting respondent's position, as indicated by the above-quoted language, we hereby repudiate it.
Under any other rule than that laid down herein, the granting of summary judgment *606 in negligence cases would probably become very common rather than being relatively rare, as at present. Barron and Holtzoff, Federal Practice and Procedure, Sec. 1232.1.
Upon applying the foregoing principles to the instant case, we can only conclude that the trial court erred in striking Dr. Graubard's affidavit and also in granting summary judgment to the defendants. It is not necessary to say that there is an especially strong showing of negligence against either of these defendants in order to hold that a showing of negligence, as alleged in the complaint, has not been precluded by any facts appearing in the record before us.
For example, as to Dr. Tirone it seems to us that the evidence of record leaves open at least the questions whether he sufficiently warned the deceased and her husband concerning the expected risks and whether he took sufficient measures to detect and then to combat the emergency condition into which Mrs. Visingardi lapsed after the operation. As to the defendant hospital, it seems to us that some question remains whether its employees were negligently remiss in failing to detect and report the adverse changes that occurred post-operatively in the vital signs of the deceased.
We must emphasize that we are not holding that the plaintiff has proved any negligence or that he is entitled to recover. We have only listed some material issues that we believe the record has failed to negate and hold that on this record the defendant is not entitled to a summary judgment.
Therefore, the writ is granted, the decision of the district court is quashed, and the cause is remanded for further proceedings not inconsistent with this opinion.
DREW, ERVIN and SEBRING (Retired), JJ., concur.
THORNAL, C.J., and ROBERTS and CALDWELL, JJ., agree to conclusion only.