PEARSON, Judge.
The appellants are the personal representatives of two separate estates. They were sued in the same cause in the trial' court, and they have jointly appealed the summary final judgments entered againsfr each estate. We are convinced that there-was a misjoinder of causes of action, but prejudice has not been shown to have resulted. Inasmuch as reversal is required because we hold that there was a genuine-issue of material fact, we do not pursue the-point on appeal directed to the misjoinder.
The summary final judgment was entered upon the pleadings and affidavits-filed by the parties. The complaint alleged a written contract, and the answer,, by affirmative defense, alleged that the employees of the plaintiff coerced and unduly influenced Johanna Binhak to purchase am exceedingly expensive funeral and caskets,, well knowing that the bodies were to be-cremated, and that “the plaintiff misrepresented to the defendant that she had to-purchase sealed caskets.”
It appears without issue that Johanna Binhak, who is a resident of the State of New York, was notified of the death of her brother and his wife. The deaths were *635 the result of asphyxiation and the bodies •were not immediately discovered. The 'bodies were rapidly decomposing and were in separate plastic disaster hags when released to the funeral director.
When Johanna Binhak arrived in Miami, Florida, she was taken directly to the ■funeral home. There she signed an authorization for a funeral, including casket, for each of the decedents. In each case, this authorization included an item for professional services, including casket, of $1,725.00, and in addition, included a -$75.00 charge fo'r cremation. There is no ■issue as to Johanna Binhak’s authority to '•bind the estates.
The affidavits of the appellee set forth that Johanna Binhak was fully composed •and that when the costs appeared - quite "high, the funeral representative suggested that she think it over for awhile, but that ■she elected to sign the papers then and there. The appellee also submitted an affidavit of the medical examiner for Dade ■County which states that the condition of the bodies “would preclude the usual open-type funeral service and embalming; that •open caskets would not have been able to ■have been used.”
The affidavits of the appellant are that •she was in a state of shock when she arrived at the funeral home; that she was informed that there were only two caskets from which she could select for cremation :and was further told that the selection had to be made immediately. She states that ■she has learned that these representations •were false and were made solely to coerce her into selecting the expensive service.
The legal sufficiency of the answer was •not attacked, and we hold that there is a genuine issue of material fact as to the validity of Johanna Binhak’s authorization for the services performed. The summary judgments are reversed upon authority of Holl v. Talcott, Fla.1966, 191 So.2d 40; Visingardi v. Tirone, Fla.1966, 193 So.2d 601, opinion filed November 23, 1966.
Reversed.