PER CURIAM.
Plaintiff appeals from a summary final judgment entered in favor of Armando Vasquez, one of the defendants in a personal injury action. Plaintiff’s complaint charged that Armando Vasquez was the owner of an automobile negligently driven by Jean Vasquez, and that the negligence of the latter caused injuries to the plaintiff. In his answer, Armando Vasquez denied the material allegations of the complaint and further stated that, at the time of the accident, the defendant, Jean Vasquez, was operating the automobile without his knowledge or consent, either expressed or implied. Thereafter, the depositions of both defendants were taken. Subsequently, on the basis of these depositions, both defendants moved for summary judgment. The trial court entered a summary final judgment in favor of Armando Vasquez on the basis of its finding that, at the time of the accident, the defendant, Jean Vasquez, was operating an automobile owned by Armando Vasquez without his knowledge or consent, either expressed or implied. The order granting summary final judgment states that, “the uncon-tradicted material facts indicate that the defendant, Armando Vasquez, is entitled to a judgment in his favor, as a matter of law.” We can not agree and, therefore, we reverse.
The sole issue raised in the summary judgment proceeding was Armando’s knowledge of, or consent to, Jean’s use of the automobile. The defendants’ testimony in the depositions was in conflict as to their marital status, but there was testimony that Jean had used the car, with Armando’s consent, on numerous prior occasions. Other testimony leads us to the view that the depositions failed to show conclusively that no material issue of fact remained for trial. Visingardi v. Tirone, Fla.1966, 193 So.2d 601. The burden falls upon the mov-ant to prove the absence of any genuine issue of material fact. Holl v. Talcott, Fla.1966, 191 So.2d 40. We hold that Armando Vasquez, as movant, failed to carry that burden. Therefore, the judgment appealed is reversed.
Reversed.