PER CURIAM.
This is an appeal by the plaintiff in a survival and wrongful death action from a final order of dismissal as to defendant Belcher and summary final judgments in favor of the remaining defendants. We thus look to see whether the plaintiff’s second amended complaint stated a cause of action against Belcher and whether any material issues of fact remained as to the other defendants which should have precluded entry of the summary judgments.
The second amended complaint alleged in essence the following: The plaintiff’s son, co-pilot on an airplane ferry flight, was killed when the plane crashed near Gander, Newfoundland. The plane had been sold by defendant Miami Aviation to Philippine Air Lines under an agreement by which Miami Aviation was obligated to put the plane in an airworthy and safe condition. Miami Aviation was to have temporary additional fuel tanks installed so that the plane could be ferried to the Philippine Islands. These tanks were purchased from defendant Belcher. Miami Aviation contracted with Robert G. Chew to act as consultant and jointly work with Miami Aviation in the repair, modification, and inspection of the plane. Chew was also engaged to ferry the plane to the Philippines and furnish the necessary crew for the job. Chew was pilot on the ferry flight arid lost his life in the crash.
The plaintiff sought to recover on various theories of negligence and breach of implied warranty, alleging that the repairs and modifications were performed in such a manner as to leave the plane in a dangerous, hazardous condition. The plaintiff also alleged the breach of an agreement on the part of Chew and Miami Aviation to procure insurance on the life of the plaintiff’s decedent.
The pertinent allegations of the second amended complaint insofar as defendant Belcher is concerned are, generally, that it “had furnished to Miami Aviation and Chew, two metal tanks to be used for installation in the aircraft as supplemental fuel tanks, which tanks were of poor workmanship and quality and were in a dangerous and defective condition when sold and delivered”. It further alleged, in the alternative, that the defendants, Belcher, Miami Aviation, and Chew, were jointly, concurrently, and severally negligent in *740 furnishing homemade tanks of poor and dangerous workmanship or materials instead of regularly manufactured supplemental gas tanks and that one of the supplemental tanks had “ruptured at a weld of metal parts brought together in the construction of the tank and that the other supplemental tank had a pre-existing crack in the metal concealed by painting there-over”.
The allegations of negligence appear to plead sufficient, ultimate facts showing the relief to which the plaintiff claims he is entitled. See Rule 1.110, R.C.P., 30 F.S.A. (1967).
The trial court, was therefore, in error in granting the motion to dismiss the second amended complaint of the plaintiff, which alleged negligence on the part of the defendant Belcher but was correct in dismissing the claim which alleged breach of implied warranty. See Keating v. DeArment, Fla.App.1967, 193 So.2d 694.
The record on appeal indicates tht the defendants, Miami Aviation Corporation and Robert G. Chew, deceased, had failed to procure crew insurance on the life of the plaintiff’s decedent. This issue raised by the pleadings had not been disposed of conclusively by the movants for summary judgment. See Holl v. Talcott, Fla.1966, 191 So.2d 40 and Visingardi v. Tirone, Fla.1967, 193 So.2d 601. There was also an issue raised by the pleadings as to the requirements of these defendants to make the airplane safe and in an airworthy condition for the ferry flight. The depositions in the record indicate that there was a triable issue made as to whether both engines on the DC-3 airplane had been made sufficiently airworthy for this flight.
Miami Aviation Corporation contends that the record reflects that the title to the aforesaid airplane had passed to Manila Airlines in Miami prior to the flight and that a summary judgment in their behalf was, therefore, proper as they were no longer responsible for the aircraft.
The record indicates this possibility but does not conclusively prove the same. See Holl v. Talcott, supra., and Visingarde v. Tirone, supra. We, therefore, find that the summary judgments entered for the defendants, Miami Aviation Corporation and Chew, were improper inasmuch as the mov-ants have not conclusively proven the nonexistence of any genuine material issues of fact.
The day before the hearing on the motions for summary judgment, the plaintiff filed an affidavit in opposition thereto in which he simply attached an accident report prepared by the Department of Transport, Civil Aviation Branch of the government of Canada, together with a copy of a letter between some persons concurring the accident. The defendants moved to strike this affidavit and the trial court granted their motion to strike. During the hearing before the trial court, it was apparently admitted by counsel for the plaintiff that this affidavit was insufficient because it contained inadmissible evidence. We have examined the affidavit and conclude that the action of the trial court in striking the plaintiff’s affidavit and the exhibits attached thereto was correct. Rule 1.510 R.C.P., 31 F.S.A. (1967) requires that such affidavits “shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein”. It requires sworn or certified copies of all papers referred to in the affidavit to be attached thereto or served therewith. This affidavit was deficient in practically all of the aforesaid requirements and was, therefore, properly stricken by the trial court.
For these reasons, the summary judgment in favor of defendants Miami Aviation and Chew, be and the same is hereby reversed, the order of dismissal entered in favor of defendant Belcher Oil Company is also reversed and this cause is remanded for further action consistent herewith.
Affirmed in part, reversed in part.