313 So.2d 132 (1975)
Ruth MARMON, Appellant,
v.
DECKER REALTY & INSURANCE CO., Appellee.
No. 74-505.
District Court of Appeal of Florida, Second District.
May 23, 1975.
Rehearing Denied June 18, 1975.
Donald O. McFarland, Phillips, McFarland, Gould & Korones, Clearwater, for appellant.
Robert C. Burke, Jr., Associate, George A. Routh, Clearwater, for appellee.
BOARDMAN, Acting Chief Judge.
Ruth Marmon (seller), defendant in the trial court, timely appeals an adverse summary and final judgment in favor of the plaintiff, Decker Realty & Insurance Co. (broker), in an action to recover a real estate commission. The issue to be determined on appeal is whether the pleadings, affidavits, depositions, exhibits and other documents in the file show conclusively that there is no genuine issue or material issue to be tried. Holl v. Talcott, Fla. 1966, 191 So.2d 40, and Visingardi v. Tirone, Fla. 1966, 193 So.2d 601.
The seller executed a written contract dated October 18, 1972, with the broker, *133 providing that the broker would procure for the seller a purchaser ready, willing and able to purchase her property upon the terms and conditions recited therein. The seller agreed to pay a real estate commission of 7 1/2% of the sale price. This agreement terminated by its own terms as the broker failed to obtain a purchaser within the time period specified in the contract.
On February 2, 1973, the seller orally listed the property (some 10 acres less than that included in the first agreement which was an exclusive listing) with the broker. The property included in the listing consisted of a house, pool, barn and furnishings, as per inventory to be attached, for a purchase price of $69,500. The brokerage commission, according to the listing was to be 7 1/2% of the purchase price. On February 20, 1973, a deposit receipt agreement was signed by the seller; and Martin W. Krause and Ellenor M. Krause, as purchasers; and Neil Ben Cartner, on behalf of the broker. The terms and conditions of sale were set forth in the deposit receipt agreement and provided that the broker was to receive the sum of $5,062.50, as real estate commission of the first money received by the seller. The agreed purchase price was $67,500. This latter agreement was contingent upon the purchasers selling their present home within 90 days from February 20, 1973. According to the record, the Krauses were unable to sell their home within the 90-day period and this agreement expired by its own terms on May 20, 1973.
On or about June 18, 1973, the seller advised the broker that she was terminating the oral listing of February 2, 1973. Shortly thereafter, Mr. Krause prepared a written agreement in which he agreed to purchase the property involved on similar terms and conditions as provided in the deposit receipt agreement of February 20, 1973. The closing took place on July 25, 1973. The agreement did not provide for payment of a real estate broker's commission. Upon being advised of the last mentioned facts, the broker notified the seller that he was entitled to a commission for effecting a sale. He demanded payment thereof and, upon refusal by the seller, filed suit for a commission. The trial court entered summary and final judgment in favor of the broker in the amount of $4,950 on an adjusted sale's price of $66,000, together with cost in the amount of $123.90. It is from this order that the defendant/seller filed her timely appeal.
After consideration of the briefs, record and oral argument, we find that the appellee, broker, did fully perform and was entitled to its commission for effectuating a sale of the property involved. True, the broker was not present at the closing of the transaction between seller and Mr. and Mrs. Krause.
We cannot treat lightly several significant and persuasive facts. For instance, that the broker, through Cartner, one of its real estate salesmen, brought the seller and the ultimate purchasers together in the first place; that the property was purchased by Mr. and Mrs. Krause on similar terms and conditions as set out in the deposit receipt agreement, supra; that the broker continued for many months in good faith to attempt to sell the appellant's property. Lastly, even though the contract between the Krauses and the broker expired on May 20, 1973, negotiations with them had continued.
In conclusion, we find that no valid dispute existed between the parties which would create a genuine issue of material fact for the court or the jury to decide. The trial court was eminently correct in awarding summary and final judgment for the plaintiff/broker. Under the factual situation before us a contrary ruling by the trial court would have been grossly unfair and unjust. The broker should, therefore, be compensated for the fruits of his lawful labor.
Accordingly, we
Affirm.
GRIMES and SCHEB, JJ., concur.