923 So.2d 610 (2006)
Michael GOEREE, Appellant,
v.
Robert MIRTSOU, d/b/a Vintage Brands; United Beverage Brands of Florida, Inc., a dissolved Florida corporation; United Brands, L.L.C.; and George Arvanitakis, Appellees.
No. 2D04-5757.
District Court of Appeal of Florida, Second District.
March 29, 2006.
Mark E. Pena of Mark E. Pena, P.A., Tampa, for Appellant.
*611 Daniel A. Harris of Daniel A. Harris, P.A., Oldsmar, for Appellee Robert Mirtsou, d/b/a Vintage Brands.
No appearance for Appellee United Beverage Brands of Florida, Inc.
No appearance for Appellee George Arvanitakis.
No appearance for Appellee United Brands, L.L.C.
FUENTE, WILLIAM, Associate Judge.
Plaintiff-Appellee Robert Mirtsou sued Michael Goeree and three codefendants on theories of breach of contract and unjust enrichment, alleging that Mirtsou was never paid for a shipment of beverages ordered by the defendants. The trial court granted Mirtsou's motion for summary judgment, awarding him damages, jointly and severally, against the four defendants. Goeree appeals. We reverse and remand for further proceedings because the trial court erred in granting summary judgment against Goeree after Goeree had raised an affirmative defense that Mirtsou failed to refute.
Mirtsou is a wholesaler of a certain energy beverage. He claims that Goeree, along with three codefendants (George Arvanitakis, United Beverage Brands of Florida, Inc. (UBBF), and United Brands, L.L.C.), ordered and received from him $37,026 worth of the beverage for redistribution and that he was never paid. He filed a complaint grounded in two theories, breach of contract and unjust enrichment, and asked for damages of $37,026, plus prejudgment interest and costs, against the four defendants jointly and severally. The Defendants denied entering into a contract for the purchase of the beverage but in their answer admitted possessing it and selling it to third parties. Goeree admitted to being an officer, principal, and shareholder of Defendant UBBF and to being a minority member of Defendant United Brands. Goeree raised the affirmative defense that throughout the transaction he was acting in his corporate capacities.
Mirtsou filed a motion for summary judgment against the four defendants, supported by affidavit. The defendants filed a response, supported by counter-affidavits from the two individual defendants. The trial court granted the motion and awarded Mirtsou full damages plus prejudgment interest, jointly and severally against the four defendants.
Our review of a summary judgment is de novo, requiring a two-step analysis:
First, a summary judgment is proper only if there is no genuine issue of material fact, viewing every possible inference in favor of the party against whom summary judgment has been entered. Second, if there is no genuine issue of material fact, a summary judgment is proper only if the moving party is entitled to a judgment as a matter of law.
Poe v. IMC Phosphates MP, Inc., 885 So.2d 397, 400-01 (Fla. 2d DCA 2004) (citations omitted). Our review of the record before us pertinent to summary judgmentthe parties' pleadings and their affidavits, see Fla. R. Civ. Proc. 1.510(c)has disclosed no genuine issue of material fact with respect to Mirtsou's claims of breach of contract and unjust enrichment. Mirtsou's affidavit avers sufficient facts to establish the elements of these claims. Goeree's counter-affidavit contains nothing to refute the claims.
However, to prevail at summary judgment, Mirtsou was also required to refute Goeree's affirmative defense. See West Edge II v. Kunderas, 910 So.2d 953, 955 (Fla. 2d DCA 2005) ("The party seeking summary judgment must not only show that there are no genuine issues of material fact[;] it must also factually refute any *612 affirmative defenses or show that they are legally insufficient."). Mirtsou failed to do so. Goeree asserted in his affirmative defense that he was acting in his corporate capacities during the course of the transaction. Mirtsou averred in his affidavit that Goeree "individually instructed me to ship the product," that Goeree "acknowledged the validity of the debt," and that the defendants used the corporate entities "to mislead me through their actions and numerous statements." None of these statements refutes Goeree's assertion. At most they counter it, creating an issue of material fact as to whether Goeree can be held personally liable for the debt. As such, the trial court erred in granting summary judgment with respect to Goeree to the extent that the judgment holds him liable in his individual capacity. We therefore reverse that part of the order granting summary judgment as against Goeree and remand for further proceedings consistent with this opinion.
Reversed and remanded for further proceedings.
FULMER, C.J., and DAVIS, J., Concur.