PER CURIAM.
We reverse the order granting the defendant hospital’s motion for summary judgment in a medical malpractice action. According to the Florida Supreme Court,
in medical malpractice actions, courts should grant summary judgment in favor of the defendant cautiously. A summary judgment is properly rendered only upon showing a complete absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.' The proof must be such as to overcome all reasonable inferences in favor of the party opposing summary judgment.
Univ. of Miami v. Bogorff, 583 So.2d 1000, 1005 (Fla.1991) (citations omitted). The issue is reviewed de novo. E.g., Holmes v. Bridgestone/Firestone, Inc., 891 So.2d 1188, 1191 (Fla. 4th DCA 2005).
This case is controlled- by Visingardi v. Tirone, 193 So.2d 601 (Fla.1966), which explained that the plaintiff has a lesser burden when opposing a motion for summary judgment than when opposing a motion for directed verdict at trial:
At the trial, to be sure, the plaintiff herein would have the burden of proving, not only the acts of negligence, but them causal relationship with the injury alleged. However, unless the record that is considered on motion for summary judgment otherwise shows an absence of such causal relationship, the plaintiff, who is opposing the motion, is under no obligation to put in evidence showing such causal relationship.
Id. at 604. The trial court in this case granted summary judgment based on its conclusion that Webster’s evidence had established “a mere possibility of causation,” which was insufficient and because Webster had failed to produce “factual support” or “any evidence on the element of causation.” It appears that the trial court misplaced the burden and that the defendant hospital failed to establish that there was no issue of fact regarding causation.
In Visingardi, also a medical malpractice case, the defendant doctor argued:
‘On defendant’s motion for summary judgment the plaintiff must come forward with sufficient, substantial, competent, evidentiary support for each and every fact which he must establish in order to prevail. If it appears that he has not, and that a directed verdict would be justified were the case at trial, the trial court must grant summary judgment in favor of the defendant’
[[Image here]]
“In an attempt to meet his burden to show by expert testimony that defendant had departed from the requisite standard of care, and that this departure proximately caused the edema or Mrs. Visingardi’s death therefrom, plaintiff filed the affidavit m question.”[1]
Id. at 605. The supreme court rejected the doctor’s argument that equated a plaintiffs burden at summary judgment with the burden of overcoming a motion for directed verdict at trial:
Both passages correctly state the burden of the plaintiff at trial; both are inaccurate as to his burden as the party opposing a motion for summary judgment.
Id. It noted that summary judgment is proper where
the record affirmatively showed that the plaintiff could not possibly prove her case, and not because she had simply *898 failed to come forward with evidence doing so.

Id.

The trial court relied on two cases which do not control here, as both involve appeals following jury trials, where no evidence was presented that causally linked the negligence with damages. See Murphy v. Sarasota Ostrich Farm/Ranch, Inc., 875 So.2d 767, 768-769 (Fla. 2d DCA 2004); Greene v. Flewelling, 366 So.2d 777, 779-80 (Fla. 2d DCA 1978).
On remand, the trial court may reconsider the plaintiffs motion to amend to add a claim for punitive damages under section 768.72, Florida Statutes (2002), since it does not appear that the court decided the motion on its merits, but relied primarily on the fact that the motion was untimely, since it was filed four days before trial.

Reversed.

GROSS, C.J., TAYLOR and HAZOURI, JJ., concur.

. The Supreme Court in Visingardi directly quoted the defendant doctor's brief.