KEST, J.M., Associate Judge.
 

 This is a negligence action founded in legal malpractice. The plaintiffs, Appellants herein, alleged that the defendant lawyers were negligent in failing to properly implement an estate plan for an estate of which Appellants were beneficiaries. The trial court granted the lawyers’ motion for summary judgment. Finding that there exist genuine issues of material fact, we reverse.
 

 Factual And Procedural Background
 

 C.H. Cowart (“Cowart”) died in February 2007, at the age of ninety-nine and possessed of considerable wealth. Five years before his death, Cowart revisited his estate planning needs with two attorneys (not parties to this suit), as well as a
 
 *721
 
 tax and estate planning specialist, Frank Yong (“Yong”)-
 
 [1]
 
 Yong prepared partnership and corporate documents to implement a limited partnership for estate planning purposes, including a family limited partnership (“FLP”). Prior to execution of these documents, Cowart deeded certain property to appellants, Merrill M. Henry (“Henry”) and Oliver W. Cowart (“Oliver”), and executed wills naming them as beneficiaries, altering the estate as it existed when Yong’s plan was prepared.
 

 Shortly after these transactions, Co-wart’s son, Charles, and son-in-law, Samuel Tilton, sought a declaration that Cowart was incompetent. Prior to the competency hearing, but subsequent to the petition’s filing, Cowart executed another will. This will named Henry and Edward C. Hodge (“Hodge”) as beneficiaries. An order was entered on March 25, 2004, finding Cowart partially incompetent.
 
 [2]
 
 The court appointed Henry Duffett,
 
 [3]
 
 Imogene Strickland and Walton Cowart as guardians. At the guardians’ request, the probate court entered an order directing the implementation of the Yong estate plan in an effort to, among other things, reduce the estate’s tax liability. When Cowart died some two and one-half years later, however, Yong’s plan still had not been fully implemented.
 

 Consequently, Appellants filed a negligence action alleging they were the intended beneficiaries of Cowart’s estate because they were beneficiaries under Cowart’s wills. They named as defendants Scott W. Cichon, Andrew C. Grant and J. Lester Kaney, lawyers for the guardians appointed by the probate court, and also Cobb
 
 &
 
 Cole, P.A. Appellants claimed the corpus of Cowart’s estate was significantly reduced by much higher estate taxes due to Appellees’ failure to implement the Yong estate plan as the probate court ordered.
 

 Appellees filed a motion for summary judgment and argued to the trial court that Appellants lacked standing because no attorney-client relationship existed between them and Appellants. Further, they posited that an attorney-client relationship could not have existed due to the adversarial nature of the parties’ positions. Without this relationship, Appellees asserted a condition precedent had not been met, and therefore Appellants lacked standing to bring this action. Additionally, they argued the estate plan could not have been legally implemented because, under the facts here, a FLP created solely to reduce estate taxes was an improper device not allowed by the IRS. As a result, Appellees contended the tax savings that Appellants claimed as damages would not have been realized.
 

 The trial court granted Appellees’ motion for summary judgment, finding no genuine issues of material fact existed in the record. It accepted Appellees’ argument that Appellants were not intended beneficiaries of the estate and lacked standing. The court below also concluded that, as a matter of law, the FLP was not a viable estate planning tool in this case.
 

 After careful review of the record, we find that genuine issues of material fact exist as to the status of both the plaintiffs as intended beneficiaries and the FLP.
 
 *722
 
 Consequently, summary judgment should not have been entered.
 

 Standard of Review
 

 A trial court’s granting of a motion for summary judgment is reviewed de novo.
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). The party moving for summary judgment has the burden of proving the absence of any genuine issue of material fact, and that the movant is entitled to a judgment as a matter of law.
 
 Holl v. Talcott,
 
 191 So.2d 40, 43-44 (Fla.1966);
 
 Rodriguez v. Saenz,
 
 866 So.2d 184, 186 (Fla. 5th DCA 2004). If material facts are conflicting, i.e., if facts permit different reasonable inferences to be drawn, or if facts even tend to prove material issues, then summary judgment may not be granted.
 
 Moore v. Moms,
 
 475 So.2d 666, 668 (Fla.1985). Summary judgment is proper only where “the record affirmatively showed that the plaintiffis] could not possibly prove [their] case, and not because [they] had simply failed to come forward with evidence doing so.”
 
 Webster v. Martin Mem’l Med. Ctr., Inc.,
 
 57 So.3d 896, 897-98 (Fla. 4th DCA 2011) (quoting
 
 Visingardi v. Tirone,
 
 193 So.2d 601, 605 (Fla.1966)).
 

 Analysis
 

 Generally, a party who retains an attorney is in privity with that attorney and may bring a negligence action for legal malpractice.
 
 Angel, Cohen & Rogovin v. Oberon Inn, N.V.,
 
 512 So.2d 192, 194 (Fla. 1987). A limited exception to the privity requirement in the area of will drafting allows an intended beneficiary to file a legal malpractice claim for losses resulting from a lawyer’s actions or inactions, where it was the apparent intent of the client to benefit that third party.
 
 Id.; See Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner,
 
 612 So.2d 1378, 1380 (Fla.1993);
 
 Kinney v. Shinholser,
 
 663 So.2d 643, 646 (Fla. 5th DCA 1995). Standing to pursue a legal malpractice action is conferred upon “those who can show that the testator’s intent
 
 as expressed in the will
 
 is frustrated by the negligence of the testator’s attorney.”
 
 Espinosa,
 
 612 So.2d at 1380. While the standing exception has been relaxed in will drafting situations, “the third party intended beneficiary exception to the rule of privity is not limited to will drafting cases.”
 
 Winston v. Brogan,
 
 844 F.Supp. 753, 756 (S.D.Fla.1994) (citing
 
 Greenberg v. Mahoney Adams & Criser, P.A.,
 
 614 So.2d 604, 605 (Fla. 1st DCA 1993)).
 

 Appellees take the position that there is “absolutely no evidence of any attorney/client relationship” between Appellants and Appellees. The record demonstrates that the overall intent of Co-wart’s retaining counsel was to create and establish a FLP for the purpose of preserving and maintaining the estate assets and preventing its dissipation through estate taxes. The petition seeking appointment of a guardian of Cowart’s property noted that “[t]he estate plan calls for the creation of a family limited partnership into which the Ward’s assets are transferred.” The expectation, according to the petition, was that “[u]nder current tax laws, the implementation of this estate tax planning may save the estate as much as forty percent (40%) in estate taxes.” The purpose of the estate plan was to benefit all named and intended beneficiaries; the larger the net estate, the better for all who might partake.
 

 While there may have been animosity or acrimony among the various heirs and beneficiaries, the actions of retained counsel and the direction of the court in ordering the implementation of the estate plan were intended to benefit all and harm none. As noted in
 
 Winston,
 
 and as appears herein, while there may be conflict among the parties, there is no indication of
 
 *723
 
 a conflict of interest regarding the need to maximize the estate vis-a-vis less taxes and estate preservation. 844 F.Supp. at 756. If the dispute concerns whether or not Appellants were intended beneficiaries, the issue is one of fact for the jury to determine.
 
 See id.
 
 at 757.
 

 Appellees argue that, even if Appellants could show that they were intended beneficiaries, Appellants could not prove damages as a result of their alleged negligence. They assert the damages, if any, are speculative, and therefore the failure to implement the FLP would not result in damages to Appellants. Appellees cite Tong’s deposition testimony wherein he opined that the IRS will not accept a FLP created only to reduce estate taxes. They argue that based on record testimony, the IRS would not have recognized the FLP had it been created.
 
 [4]
 

 The record also includes the affidavit of Walter Tovkach, an attorney with an LL.M in taxation and board certification in taxation from The Florida Bar. Tovkach opined that a FLP “is entirely appropriate for use in situations where there is an ongoing and active family business ... along with other assets such as cash and securities.” He further stated that, in his opinion, if a FLP was created, any challenge by the IRS would have been unsuccessful. The affidavit contradicts the assertions set forth by Appellees and creates sufficient questions of fact as to the viability of the tax planning vehicles and the effect of their use.
 

 As they did below, Appellees rely upon tax court cases and a federal appeals court case dealing with the viability of FLPs, which they assert support their claim that the IRS would not have accepted the FLP here, because it would have been created solely to avoid the payment of estate taxes. “Ordinarily, intent is a question of fact that should not be decided on a summary judgment.”
 
 Sanders v. Wausau Underwriters Ins. Co.,
 
 392 So.2d 343, 345 (Fla. 5th DCA 1981). The purpose, or intent, in creating the FLP is not a matter to be disposed of in a motion for summary judgment. Specifically, Appellees rely upon
 
 Estate of Thompson v. Commissioner,
 
 382 F.3d 367 (3d Cir.2004), to support their argument that the IRS would not accept the FLP.
 
 Thompson,
 
 however, was not a summary judgment case, but was decided by the tax court serving as the fact-finder. Appellees additionally cite as support an unpublished tax court case which is similarly unpersuasive, as the tax court did not reach its decision on a motion for summary judgment. Rather, the court made findings concerning the purpose of a FLP after hearing testimony.
 

 We hold that Appellees have not demonstrated that Appellants cannot show they were intended beneficiaries, nor have Ap-pellees shown that questions of fact do not exist as to the effectiveness or viability of the estate plan the probate court directed to be implemented. Accordingly, Appel-lees did not meet their burden and the motion for summary judgment should not have been granted.
 

 REVERSED and REMANDED.
 

 SAWAYA and PALMER, JJ„ concur.
 

 [1]
 

 . As this is an appeal from a summary judgment, we accept as true Appellants’ version of facts supported by the record.
 
 See Hervey v. Alfonso,
 
 650 So.2d 644, 646 (Fla. 2d DCA 1995).
 

 [2]
 

 . The guardianship orders were appealed by Appellants and affirmed.
 
 Cowart v. Strickland,
 
 912 So.2d 1243 (Fla. 5th DCA 2005) (table) (nos. 5D04-1487 and 5D04-1736).
 

 [3]
 

 .Mr. Duffett appears to have been one of the attorneys with whom Cowart worked in the 2002 estate planning.
 

 [4]
 

 . Appellees claim that they "took all of the steps that they could to move the estate planning process forward,” including creating the FLP, which they now argue would not be accepted by the IRS.