CRENSHAW, Judge.
In this legal malpractice action, Valeera Reed appeals the final summary judgment entered in favor of her former attorney, Donald J. Schütz, and Schütz Litigation, LLC (collectively, Schütz). Because there are genuine issues of material fact, we reverse.

Factual Background

This case began when Ms. Reed was admitted to the hospital following a stroke. She was placed under supervision, and a physical therapist was required to accompany Ms. Reed to the restroom because Ms. Reed was at a high risk of falling. On one trip to the restroom, however, Ms. Reed was not properly supervised by her physical therapist, and she fell off the toilet, striking her head and back. Soon thereafter, Ms. Reed complained of injuries, including a severe headache. Following her fall, Ms. Reed retained Mr. Schütz as legal counsel to represent her in a medical malpractice claim against the hospital arising from the physical therapist’s failure to supervise her in contravention of the hospital’s own policies and procedures.
Eventually, Mr. Schütz withdrew as counsel for Ms. Reed’s medical malpractice claim against the hospital. Ms. Reed maintains that Mr. Schütz consistently told her that her claim against the hospital was subject to a four-year statute of limitations. In reality, Ms. Reed’s claim was subject to a two-year statute of limitations, and she was barred from bringing suit because her medical malpractice claim was not timely brought. As a result, Ms. Reed filed suit against Schütz[1] for legal malpractice, asserting that her medical malpractice claim against the hospital was barred due to Mr. Schutz’s misinformation about the applicable statute of limitations. Ultimately, the trial court entered final summary judgment in favor of Schütz, and this timely appeal followed.

*488
Analysis

“Summary judgment is proper only if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.” MarElia v. Yanchuck, Berman, Wadley & Zervos, P.A., 966 So.2d 30, 33 (Fla. 2d DCA 2007) (citing Goeree v. Mirtsou, 923 So.2d 610 (Fla. 2d DCA 2006)); see Fla. R. Civ. P. 1.510. Summary judgment should not be granted if there is “even the slightest doubt” as to whether any genuine issue of material fact exists. Rogers v. Ruiz, 594 So.2d 756, 766 (Fla. 2d DCA 1991). As one court previously stated,
[i]f material facts are conflicting, i.e., if facts permit different reasonable inferences to be drawn, or if facts even tend to prove material issues, then summary judgment may not be granted. Summary judgment is proper only where “the record affirmatively showed that the plaintiff[ ] could not possibly prove [her] case, and not because [she] had simply failed to come forward with evidence doing so.”
Hodge v. Cichon, 78 So.3d 719, 722 (Fla. 5th DCA 2012) (citation omitted) (quoting Webster v. MaHin Mem’l Med. Ctr., Inc., 57 So.3d 896, 897-98 (Fla. 4th DCA 2011)).
Applying this standard in Ms. Reed’s legal malpractice case, in order for Schutz’s motion for summary judgment to be granted, Schütz had the burden of proving that Ms. Reed could not possibly prove: (1) Mr. Schütz had been employed as her attorney, (2) Mr. Schütz neglected a reasonable duty, or (3) Mr. Schutz’s negligence was the proximate cause of loss to Ms. Reed. See Tarleton v. Arnstein & Lehr, 719 So.2d 325, 328 (Fla. 4th DCA 1998). Schütz focuses on the third element of Ms. Reed’s legal malpractice case and argues that summary judgment was properly granted because Ms. Reed failed to provide sufficient summary judgment evidence of causation in her underlying medical malpractice case.[2] See id. (“To prevail on the [legal] malpractice claim, the client has to prove that she would have prevailed on the underlying action but for the attorney’s negligence.”).
Based on the summary judgment evidence, however, there is a genuine issue of material fact regarding causation in the underlying medical malpractice case, and summary judgment should not have been granted. In support of her case, Ms. Reed provided deposition testimony from a nurse and an occupational therapist who supervises and trains physical therapists.[3] The nurse characterized Ms. Reed’s fall as a “significant fall” based upon the fact that Ms. Reed hit her head, landed on a concrete floor, and struck “some type of an existing apparatus.” Additionally, Ms. Reed’s medical records and deposition testimony provide some support for the assertion that Ms. Reed’s alleged injuries are causally related to the fall she suffered as a result of the physical therapist’s failure to properly supervise her. Notably, in a case such as this where the record does not affirmatively show an absence of the required causal relationship, “the plaintiff, who is opposing the motion, is under no obligation to put in evidence showing such causal relationship,” as Ms. Reed has done. *489 Visingardi v. Tirone, 193 So.2d 601, 604 (Fla.1966).

Conclusion

For the foregoing reasons, we conclude that the trial court should not have granted Schutz’s motion for summary judgment. Accordingly, we reverse.
Reversed and remanded.
NORTHCUTT and VTLLANTI, JJ., Concur.

. Originally, Ms. Reed also filed suit against another attorney who is not a party to this appellate proceeding.

. Schütz does not argue that the summary judgment evidence affirmatively disproves causation in the underlying medical malpractice case.

. Both of these medical professionals agreed that the hospital’s physical therapist deviated from the standard of care by failing to supervise Ms. Reed in the restroom. The hospital's physical therapist also admitted to violating hospital policies and procedures by failing to supervise Ms. Reed in the restroom.