DAVIS, Chief Judge.
The several Beaumont LLCs collectively challenge the final summary judgment of foreclosure entered by the trial court in favor of LSREF2 Oreo (Direct), LLC (herein referred to as “the Bank”).[1] Because there remains a disputed issue of material fact, we reverse the final summary judgment and remand for further proceedings.
On February 12, 2004, Bank of America made a loan to Adler Group Beaumont Investors, LLC, in the amount of $16.8 million. The proceeds were used to secure a commercial complex consisting of eleven office buildings. Adler executed a mortgage on the complex in favor of the bank as security for the loan. Adler later sold the complex to the occupying tenants, the several individual Beaumont LLCs. As a part of the purchase of the business units, the Beaumont LLCs assumed the indebtedness on the buildings.
Bank of America subsequently assigned its interest in the note and mortgage to LaSalle Bank National Association as trustee for Banc of America Commercial Mortgage, Inc. The loan documents were subsequently assigned to Wells Fargo, which initiated the underlying foreclosure action.
In the initial complaint and the amended complaint, the Bank alleged that the Beaumont LLCs were in default because the note matured on March 1, 2011, and the Beaumont LLCs had failed to pay the balance of the note due on that date. The Beaumont LLCs answered the complaint by denying that the note matured on March 1, 2011, and alleging as an affirmative defense that the maturity date of the original note was actually March 1, 2012.
In October 2012, the trial court held a hearing on the Bank’s motion for summary judgment. Prior to the hearing, the Bank filed with the trial court what it alleged to be the “original” note which clearly stated on the first page that the maturity date was March 1, 2011. However, in their sworn answers to interrogatories, the Beaumont LLCs asserted that the original note actually contained a maturity date of March 1, 2012, and that the note the Bank filed as the original note was an altered note. Attached to their answers to interrogatories was a copy of what the Beaumont LLCs argue is the original note. Also, in response to the motion for summary judgment, the Beaumont LLCs filed a memorandum in opposition to summary *677 judgment with the same explanation, and they attempted to make the argument at the summary judgment hearing.
The Beaumont LLCs also submitted two affidavits from individuals who were members of two of the LLCs. A copy of the note the members alleged they received when they purchased their unit and assumed the debt was attached to each affidavit. These copies show a maturity date of March 1, 2012. The affidavits also included language stating that the affiant “believed” the maturity date was March 1, 2012, based on the information provided by the seller of the property at the time of purchase. The trial court struck the affidavits, concluding that the “believed” language was not relevant evidence of the actual maturity date.
The trial court also determined that because the note submitted by the Bank was not visibly altered on its face, there was no factual issue as to the validity of that note. Accordingly, the trial court found the Beaumont LLCs in default and granted final summary judgment in favor of the Bank.
On appeal, we review the granting of a final summary judgment de novo. Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001). To grant summary judgment, the trial court must determine that there are no material issues of fact remaining to be resolved and that the mov-ant is entitled to a judgment as a matter of law. Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979).
On appeal, the Beaumont LLCs argue that there is a remaining issue of fact as to the maturity date of the original note. We agree. The original note filed by the Bank in support of its foreclosure complaint is a document that consists of thirteen pages. The only handwriting on any of the pages is the signature of the borrower and the signatures of the two witnesses on the last page (signature page). As the Beaumont LLCs point out, the first twelve pages each bear a typewritten scrivener’s word processing identifier number NCLIB1 203080.4 in the lower left corner. However, the number printed on the signature page is NCLIB1 203080.3.
The copy of the note that the Beaumont LLCs allege they received upon assumption of the debt also consists of thirteen pages, but all of the pages bear the identifier number NLCIB1 203080.3. That is, the twelve pages of the note that contain the terms bear the same identifier number as the signature page, and the maturity date contained in the terms is the March 1, 2012, date.
Arguably, these facts might be explained by several different theories. However, one reasonable inference that may be drawn from these facts, as argued by the Beaumont LLCs below, is that the true original note is the note in which all the pages bear the identifier number NLCIB1 203080.3 and that the note submitted by the Bank as the original note is actually a subsequently created note — one that consists of newly typed pages one through twelve, indicating the March 1, 2011, maturity date, attached to the original signature page. As noted, there may be other explanations as to how this occurred, and the inference may be rebutted by other documents showing the maturity date to be March 1, 2011. However, because the inference put forth by the Beaumont LLCs is a reasonable one, a factual issue was presented and summary judgment was improper. See Reed v. Schutz Litig. LLC, 117 So.3d 486, 488 (Fla. 2d DCA 2013) (“ ‘[I]f material facts are conflicting, i.e., if facts permit different reasonable inferences to be drawn, ... then summary judgment may not be granted.’ ” (quoting Hodge v. Cichon, 78 So.3d 719, 722 (Fla. 5th DCA 2012))). We therefore reverse *678 the final judgment and remand for further proceedings.
Reversed and remanded.
NORTHCUTT and KHOUZAM, JJ., Concur.

. The final judgment was entered in favor of foreclosure plaintiff Wells Fargo Bank, but during the pendency of this appeal, Wells Fargo sold its interest in the foreclosed property, loan documents, foreclosure judgment, and this appeal to LSREF2 Oreo (Direct), LLC. As such, we will refer to the appellee in this proceeding as "the Bank” no matter whether the action specifically being referred to was taken by LSREF2 Oreo (Direct) or Wells Fargo.