LEWIS, C.J.
Appellant, Castle Key Insurance Company a/s/o Paula Murphy, appeals the Final Judgment entered in favor of Appellee, Raymond H. Duke Enterprises, Inc., arguing that the trial court erred in entering summary judgment in Appellee’s favor. Because we agree with Appellant that disputed issues of fact remain in the case, we reverse the Final Judgment and remand for further proceedings.
Mr. and Mrs. Murphy, the owners of the residence at issue, hired Appellee to perform renovations in their home following a fire. Appellant, the Murphys’ insurer, subsequently filed suit against Appellee, alleging that Appellee negligently installed a built-in coffee maker in the home, which resulted in severe water damage. Appel-lee moved for summary judgment, relying upon the affidavits and depositions of its president and one of its subcontractors. Both men represented that neither they nor any other subcontractor installed the coffee maker in the home. The men testified in their depositions that they had spoken with other subcontractors who denied installing the coffee maker.
In opposition to summary judgment, Appellant submitted the affidavit of Mrs. Murphy, who represented that Appellee was the only company she hired to perform work on her property following the fire, that Appellee was the only one, other than herself and her husband, who had access and/or control over the premises during the renovation, that she dropped off a built-in coffee maker at the home during the renovation, that a water line was run and that the coffee maker was improperly installed during the renovation, and that neither she nor her husband lived at the home during the renovation or installed the coffee maker. The trial court granted Appellee’s motion, finding that Mrs. Murphy’s affidavit did not raise a disputed issue of fact as to the installation of the coffee maker. This appeal followed.
An appellate court reviews an order granting summary judgment de novo. Futch v. Wal-Mart Stores, Inc., 988 So.2d 687, 690 (Fla. 1st DCA 2008). Summary judgment is appropriate only where there is no genuine issue of material fact and where the moving party is entitled to a judgment as a matter of law. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The trial court should not resolve factual questions upon a motion for summary judgment and instead must view the evidence and draw all inferences in favor of the opposing party. Laidlaw v. Krystal Co., 53 So.3d 1128, 1129 (Fla. 1st DCA 2011). “ ‘[I]f the record raises even the slightest doubt that an issue might exist, summary judgment is *580 improper.’ ” Jackson v. H.L. Bouton Co., 630 So.2d 1173, 1175 (Fla. 1st DCA 1994) (citation omitted); see also Hodge v. Cichon, 78 So.3d 719, 722 (Fla. 5th DCA 2012) (noting that if material facts are conflicting, i.e., permit different reasonable inferences to be drawn, then summary-judgment may not be granted); Key v. Trattmann, 959 So.2d 339, 341 (Fla. 1st DCA 2007) (noting that summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law).
We agree with Appellant that the facts in this case are not so crystallized that only a question of law remains. While Appellee presented evidence in support of its summary judgment motion to dispute that it installed the coffee maker, the only reasonable inference that can be drawn from Mrs. Murphy’s affidavit is that Ap-pellee installed the coffee maker during the renovation. Contrary to the trial court’s determination, a disputed issue of material fact as to the issue of installation remains. Summary judgment was, therefore, improper.[1]
Accordingly, we REVERSE the Final Judgment and REMAND for further proceedings.
WOLF, and MAKAR, JJ., concur.

. As we have explained, a trial court may not consider inadmissible evidence in determining the disposition of a summary judgment motion. See Rose v. ADT Sec. Servs., Inc., 989 So.2d 1244, 1249 (Fla. 1st DCA 2008). To the extent that the trial court relied upon the hearsay testimony of Appellee's president and subcontractor as to what other subcontractors told them, that too was error.