# Third District Court of Appeal

## State of Florida

Opinion filed January 21, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-998
Lower Tribunal No. 21-26989-CA-01
_____

**Felipe Sixto,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles Johnson, Judge.

Giasi Law, P.A., and Melissa A. Giasi (Tampa), for appellant.

Dinsmore & Shohl, LLP and Kathryn L. Ender and Janice Lopez, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Campbell v. Salman, 384 So. 2d 1331, 1333 (Fla. 3d DCA 1980) (reversing summary final judgment, holding: "Since the affidavit was based on information and belief rather than personal knowledge, it was not admissible into evidence and should not have been considered by the trial court."); Thompson v. Citizens Nat. Bank of Leesburg, Fla., 433 So. 2d 32, 32 (Fla. 5th DCA 1983) ("An affidavit based on information and belief rather than personal knowledge is not admissible into evidence and should not be considered by the trial court on a motion for summary judgment."); Fla. R. Civ. P. 1.510(4) ("*Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); Castle Key Ins. Co. v. Raymond H. Duke Enters., Inc., 135 So. 3d 578, 580 n.1 (Fla. 1st DCA 2014) (observing that "a trial court may not consider inadmissible evidence in determining the disposition of a summary judgment motion."); see also Custom Design Expo, Inc. v. Synergy Rents, Inc., 327 So. 3d 427 (Fla. 2d DCA 2021) ("hearsay cannot form the basis in an affidavit for establishing a genuine issue of material fact that would preclude summary judgment.").